## Hunter v. Commonwealth.

(Decided April 21, 1925.)

### Appeal from Daviess Circuit Court.

1. Criminal Law—When Accused Entitled to Change of Venue, Stated.—If accused gives reasonable notice of his intended application for change of venue, and files petition and affidavits required by statute, and no further evidence is heard on question, his application should be granted.

2.  Criminal Law—Change of Venue in Liquor Prosecution Held
    Properly Denied.—Change of venue in liquor prosecution held
    properly denied, in view of Ky. Stats., section 1109, though notice
    and petition were sufficient, and court in denying application
    heard no other evidence, where affidavits required by section 1110,
    relating to defendant's inability to secure a fair trial in county
    where trial was had, did not state that affiants were acquainted
    with state of public opinion in such county.

3.  Witnesses—Admissions of Witnesses in Liquor Prosecution as to
    being Furnished Money Held Not to Affect Admissibility of Evi-
    dence, but Only to Affect their Credibility.—That witnesses in
    liquor prosecution admitted that prohibition officers furnished
    them with money with which to buy liquor from defendant did
    not affect admissibility of their evidence, but only went to their
    credibility.

4.  Law—Credibility of Witnesses is for Jury.—Credibility of wit-
    nesses is for jury.

FLOYD J. LASWELL and L. P. TANNER for appellant.

FRANK E. DAUGHERTY, Attorney General, and MOORMAN
DITTO, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

Appellant, who theretofore had been convicted of
selling intoxicating liquor, was again found guilty of the
same offense and his punishment fixed at three years'
confinement in the penitentiary. The principal ground
urged for a reversal is that the court erred in refusing
a change of venue, which was asked by proper petition
and motion, accompanied by the necessary notice. In
support of the application appellant filed the affidavits of
W. E. Aud and R. P. Robertson. The affidavit of Aud
is as follows:

"Affiant, W. E. Aud, says that he is a house-
keeper of Daviess county, Kentucky, not of kin to,
nor of counsel for, the defendant, W. H. Hunter, and
he says that he does not believe that the defendant,
W. H. Hunter, can obtain a fair trial of the above
styled case in Daviess county, Kentucky, owing to
the odium which attaches to said defendant in
Daviess county, Kentucky, and to the prejudice
which exists in said county against said defendant
at the time."

Robertson's affidavit is to the same effect. Though
the Commonwealth objected to the motion, it did not offer

any counter affidavits, and the court, without hearing any other evidence on the question, overruled the motion. The statute provides for a change of venue "if it appears that the defendant, or the Commonwealth, can not have a fair trial in the county where the prosecution is pending." Section 1109, Kentucky Statutes. In addition to the requirement that the application, if made by the defendant, must be by petition in writing, and verified by the defendant, and that the attorney for the Commonwealth, or, in his absence, the county attorney, must have reasonable notice in writing of such application, the statute contains the following provision:

"And the applicant must produce and file the affidavits of at least two other credible persons not of kin to, nor of counsel for, the defendant, stating that they are acquainted with the state of public opinion in the county or counties objected to, and that they verily believe the statements of the petition for such change of venue are true." Section 1110, Kentucky Statutes.

It is settled by numerous decisions that if the accused gives reasonable notice of his intended application for a change of venue, and files the petition and affidavits required by the statute, and no further evidence is heard on the question, his application should be granted. Wilkerson v. Commonwealth, 88 Ky. 29, 9 S. W. 837; Higgins v. Commonwealth, 94 Ky. 54, 21 S. W. 231; Draughan v. Commonwealth, 20 Ky. Law Rep. 102, 45 S. W. 367; Greer v. Commonwealth, 23 Ky. Law Rep. 489, 63 S. W. 443. While the notice and petition in this case were sufficient, the same view cannot be taken of the affidavits. One of the plain requirements of the statute is that the affidavits shall state that the affiants are acquainted with the state of public opinion in the county, or counties, objected to. As no such statement is contained in the affidavits in question, it is at once apparent that they do not conform to the requirements of the statute. That being true, they were not sufficient to establish even a *prima facie* right to a change of venue, and the court did not err in refusing the application even though no other evidence was heard on the question.

There is no merit in the contention that the evidence was not sufficient to take the case to the jury, or support the verdict. It is true that the witnesses admitted that

the prohibition officers furnished them the money with which to buy the liquor, but this did not affect the admissibility of their evidence, or render them as a matter of law unworthy of belief. On the contrary, it was a circumstance that affected only their credibility, and, as in other cases, this was a question for the jury.

On the whole, we find no error that would authorize a reversal.

Judgment affirmed.