## Thacker v. Commonwealth.

(Decided May 10, 1927.)

### Appeal from Christian Circuit Court.

1.  Arson.—"Arson" is a common-law offense, committed by one person burning the house of another.

2.  Indictment and Information.—Indictment charging defendant with being accessory to felonious burning of insured dwelling house occupied by accused held good, under Ky. Stats., section 1169, for burning insured building, and Criminal Code of Practice, section 124, requiring indictment to be direct and certain, and section 126, providing number of offenses which may be charged in one indictment.

3.  Arson.—Indictment for being accessory to felonious burning of insured dwelling house occupied by accused held not good, under Ky. Stats., section 1170, which applies only to building occupied by another.

4.  Criminal Law.—Under indictment charging accused with being accessory to felonious burning of insured dwelling occupied by her, witness was properly permitted to state his remarks in conversation with her, without which accused's answers would be unintelligible.

5.  Criminal Law.—Under indictment of defendant as accessory to felonious burning, witness' testimony of accused's admission to him in conversation that principal burned house raised issue for jury whether the admission was made.

6.  Criminal Law.—Any fact in case under indictment for being accessory to felonious burning may be proved against defendant by defendant's admission.

7. Criminal Law.—In prosecution for burning of insured dwelling house, where it was a question for jury whether accessory admitted in conversation with another that principal burned the house, court should have instructed that, unless jury believed beyond a reasonable doubt that in such conversation she admitted that principal burned the house, they should not consider the evidence of person testifying to conversation and should find accessory not guilty.

8. Criminal Law.—Statements of principal in offense of felonious burning of insured dwelling house, made after the burning in an effort to extort money from accessory, are not admissible in prosecution of accessory.

9. Criminal Law.—Declarations of one conspirator after accomplishment of alleged conspiracy are not competent against the other party.

THOMAS P. COOK for appellant.

FRANK E. DAUGHERTY, Attorney General, and G. D. LITSEY, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON— Reversing.

Ora Lee Thacker was indicted in the Christian circuit court for the crime of being accessory before the fact to the felonious burning of a dwelling house. She demurred to the indictment. The demurrer was overruled. The evidence was heard and at the conclusion of the trial the circuit court instructed the jury that if they found her guilty they should fix her punishment at confinement in the penitentiary for not less than 5 nor more than 12 years. The jury found her guilty and fixed her punishment at 5 years. She appeals.

By section 124 of the Criminal Code an indictment must be direct and certain as regards the offense charged and the particular circumstances of the offense. By section 126 an indictment must charge but one offense, subject to certain exceptions not material here. In the accusative part of the indictment the offense charged is thus stated:

"The crime of being accessory before the fact to the unlawful, willful, malicious, and felonious burning of a dwelling house, which was then and there occupied as a dwelling house and residence by the said Ora Lee Thacker, and upon which there was a policy or policies of fire insurance."

In the descriptive part of the indictment it is alleged that the defendant feloniously conspired with Robert Louis Thacker to feloniously set fire to and burn the dwelling house belonging to her and then occupied by her as a residence, in Hopkinsville, Ky., which was at the time insured against loss by fire, for the purpose of collecting the proceeds of the insurance policy and dividing the proceeds between them, and that, in pursuance to the conspiracy and while it existed, Robert Louis Thacker did feloniously set fire to and burn the building while the policy of the insurance upon the property was in existence and that she aided and procured him to so burn the building.  So far as material here, sections 1167, 1169, and 1170, Kentucky Statutes, are as follows:

"If any person shall be guilty of arson, he shall be confined in the penitentiary not less than five nor more than twelve years."  Section 1167.

"If any person shall willfully and unlawfully burn, . . . . or dwelling house or other building, or house upon which there is any insurance or lien, he shall be confined in the penitentiary not less than one nor more than six years."  Section 1169.

"If any person shall willfully, maliciously and unlawfully burn any dwelling house which is occupied as a residence, or any charitable institution in this commonwealth, he shall be punished by confinement in the penitentiary for not less than ten nor more than twenty years; and if death ensues from such burning, such offender shall be deemed guilty of murder, and punished with death, or confinement in the penitentiary for life, at the discretion of the jury."  Section 1170.

The indictment was not drawn as an indictment for arson for the offense is not so described in the accusative part of the indictment.  Arson is a common-law offense and is committed by one person burning the house of another.  Sublett v. Commonwealth (Ky.) 35 S. W. 543.

The indictment was plainly drawn under section 1169, for that covers the felonious burning of insured property, which is the gist of the charge here.  It is not good as an indictment under section 1170, for that section only applies to a dwelling house which is occupied as a residence, and the meaning is, "occupied by another as a residence."  This is shown by the concluding words fixing the punishment when death ensues.  The purpose

is to protect the occupants of the building, and for this reason this section applies to any charitable institution as well as any dwelling house.

It follows that the demurrer to the indictment was properly overruled, but that the court erred in telling the jury to fix the punishment, under section 1167. The punishment should have been fixed as provided in section 1169, at not less than 1 nor more than 6 years.

Appellant insists that her objection to the testimony of Louis Livingston should have been sustained. His testimony, put in narrative form, so far as it was admitted by the court is as follows:

"I live in Louisville. My sister married Rudolph Thacker. I have a collecting agency, and I am an adjuster and notary public. I knew R. L. Thacker. I did some business for defendant in 1925; about two weeks after this R. L. Thacker gave me a claim for $300 against her and wanted me to collect it. I went to her to collect it, she said he couldn't collect that $300, and that she dared him to collect it; she said he would know why. I then saw R. L. Thacker, and I went back to see her. I told her he said he was to get $300 if he burned down the place, and that he would be cared for the rest of his life. She said he could not collect that $300 because it was for burning it down and he would not be entitled to it; that they would both go to the penitentiary. This is all she said. She made no denial of burning the house."

The court did not allow the witness to state what R. L. Thacker said to him. He only allowed him to state the conversation between him and the appellant. What was said by appellant in that conversation would be unintelligible without a statement of what Livingston said to her, for what she said was said in answer to what he had told her. Admittedly, what she said is competent against her, and so the conversation between her and him was properly admitted.

Appellant insists that, in order for the commonwealth to make out its case, it was necessary for it to prove: (1) That R. L. Thacker burned the house. (2) That she procured him to burn the house. The testimony of Livingston is the only testimony showing that Thacker burned the house, and it is insisted that this testimony

does not make out the case for the commonwealth. But any fact in the case may be proved against defendant by the defendant's admission. As one person may not give the exact words used by another, it was a question for the jury, under all the circumstances, whether she admitted in this conversation that Thacker burned the house, and the court should have instructed the jury that, unless they believe from the evidence, beyond a reasonable doubt, that in this conversation she admitted that R. L. Thacker burned the house, they should not consider the evidence of Livingston and should find her not guilty.

There are cases holding that the conviction of the principal is prima facie evidence of his guilt on the trial of the accessory, and there are other cases holding his admissions in court of his guilt admissible against the accessory. But we have found no case where his statements in an effort to extort money from the alleged accessory have been admitted against the accessory. The sum of the charge in the indictment is that appellant and Thacker conspired to burn the house in order to divide the insurance money between them, and that pursuant to the conspiracy Thacker burned the house. The rule is well established that the declarations of one conspirator, after the accomplishment of the alleged conspiracy, are not competent against the other party. If the indictment in the accusative part had so designated the offense, plainly under the familiar rule, the declarations of Thacker in an effort to extort money from her would be incompetent against her. The fact that the name of the offense was changed is not material.

This precise question was before the court in Ogden v. State, 12 Wis. 532, 78 Am. Dec. 754, where Ogden was the accessory and Wright was the principal. Wright made certain admissions out of hostility to Ogden. Holding that these admissions were not competent against Ogden, the court said:

"If such admissions were to be received, Wright, after the advice was given, but without having acted upon it, and being innocent, and believing that his personal safety would not thereby be endangered, might make them from feeling of ill will and hatred to Ogden, for the sole purpose of deceiving and misleading others, and betraying him into the conviction of an offence of which he knew him to be innocent. They were made privately, and without the sanction

of an oath; the jury had not the advantage of observing his deportment, or the manner in which his statements were made no opportunity was afforded to ascertain whether he was friendly or hostile to the accused; he was subjected to no cross-examination, and his motives, means of knowledge, and situation could not be inquired into and exposed."

While there is some conflict of authority on the question, we think this is a sound rule in a case like this where the substance of the charge is the conspiracy to burn the house, and the alleged declarations were made afterwards in an effort to extort money.

All other questions are reserved. Complaint is made that the circuit judge, by questions he asked and what he said during the trial, prejudiced the defendant's case before the jury, but this was not intended by him and probably will not occur on another trial.

Judgment reversed and cause remanded for a new trial.