# Neace et al. v. Commonwealth.

(Decided March 25, 1930.)

C. A. NOBLE and VERNON FAULKNER for appellants.

J. W. CAMMACK, Attorney General, and JAMES M. GILBERT, Assistant Attorney General, for appellee.

Opinion of the Court by Judge Logan—Reversing.

The appellants were jointly indicted with Dave Miller, Manuel Miller, and Andrew Godsey at the June term of the Perry circuit court, 1929, charged with the crime of willful murder. They were convicted at a trial held in September, and their punishment fixed at confinement in the penitentiary for life.

It is unnecessary to narrate the details of the revolting crime. They were charged with the murder of one Boycan Jones, a deputy sheriff of the county, and proof tended to establish that the murder was accomplished with savagery unexampled in modern life. The evidence was abundantly sufficient to authorize a conviction and it will not be commented on or discussed at length because of the unfortunate necessity of another trial.

A motion was entered supported by affidavit requesting the regular circuit judge to vacate the bench during the trial, as is allowed under the provisions of section 971-6, Ky. Stats. The failure of the judge to sustain the motion is relied on as grounds for a reversal. It has been uniformly held by this court that objection to the trial judge is a question of jurisdiction, and to be available such objection must be before an appearance to the merits of the action, or the submission of preliminary motions by either party preparatory to a trial. Denny v. Com., 175 Ky. 357, 194 S. W. 330. The motion was not seasonably made in this case. There had been an appearance to the merits, and preliminary motions and steps had been taken by both parties in preparation for the trial when the motion was first made. There was an application for a change of venue supported by the requisite number of affidavits containing the requisite allegations, and the grounds of the motion as embodied in it were such as to require a change of venue, if their truth was established to the satisfaction of the court.

When the motion was made, notice thereof was waived by the county attorney. The proceedings were such, so far as appellants were concerned, as are required by the provisions of section 1109, Ky. Stats. When the motion was filed, the trial judge directed that an order be made controverting the allegations of record, and he then, without further proof, or any proof offered by the commonwealth, overruled the motion. Where a defendant in a prosecution such as this makes his motion for a change of venue setting up grounds that are sufficient, and supporting it by the requisite affidavits, and

no witnesses are introduced by either party, the defendant is entitled to a change of venue, and the court has no discretion in the matter. Higgins v. Com., 94 Ky. 54, 21 S. W. 231, 14 Ky. Law Rep. 729; Bishop v. Com., 58 S. W. 817, 22 Ky. Law Rep. 760; Holmes v. Com., 218 Ky. 314, 291 S. W. 383. It is proper for the trial court to overrule a motion for a change of venue when the application is not made in accordance with the provisions of the statute. The affidavits supporting the motion must conform to the requirements of the statute, else the court should refuse the application. Hunter v. Com., 208 Ky. 466, 271 S. W. 559.

In the able brief filed by the Attorney General he takes the position that the burden of proof is on the applicant to show good grounds for a change of venue. That position is sound. McElwain v. Com., 146 Ky. 104, 142 S. W. 234; Smith v. Com., 148 Ky. 60, 146 S. W. 4; Combs v. Com., 160 Ky. 386, 169 S. W. 879. But the burden is met when the necessary grounds are set out in the motion and the motion is supported by the requisite affidavits. Hill v. Com., 232 Ky. 453, 23 S. W. (2d) 930.

When a motion alleging sufficient grounds is made for a change of venue supported by requisite affidavits, the Commonwealth, if it so desires, may controvert the allegations of the application and may attack the sufficiency of the affidavits by proof, and the court, after hearing all evidence that may be introduced in favor of the applicant and in opposition to his motion in the exercise of a sound discretion, must determine whether the venue should be changed. This court will not reverse because of the ruling of the trial court on the motion for a change of venue unless he abused a sound discretion.

In the brief filed by the Attorney General he very skillfully attempts to argue away the error of the trial court by taking the position that the application for a change of venue must be supported by the affidavits of two credible persons other than defendant. He takes the position that the affidavits themselves must show that the two supporting witnesses are credible persons, or that evidence must be submitted showing that they are credible. He quotes authorities showing that the word "credible" means worthy of credit, and, when applied to the person of a witness, it bespeaks him to be a person of capacity to deserve credit. That is correct and all very well, but the presumption of credibility follows all unimpeached witnesses. Every witness is presumed to

be a person of capacity to deserve credit until the contrary is shown. It is true that 27 R. C. L. sec. 43, under the head of "Witnesses," states the rule to be that, where a change of venue is required to be granted on a petition supported by the affidavits of a certain number of credible persons, the credibility of the witnesses may certainly be inquired into, and witnesses may be examined for that purpose. If the commonwealth desired to attack the credibility of the witnesses, it was at liberty to do so by the introduction of proof showing that they were not such persons as had such capacity as to deserve credit. But such was not done.

Complaint is made about the admission of evidence. Much of that complained about was not objected to. The evidence was competent. It related to the appearance, condition, and conduct of defendants immediately after the murder. This may always be shown, and the case of Webster v. Com., 223 Ky. 369, 3 S. W. (2d) 754, is not to the contrary. It was there said that, after the termination of an alleged conspiracy to commit murder, statements of codefendants, unless constituting a part of the res gestae or made in the presence of the accused, were not competent. As was said in the case of Thacker v. Com., 219 Ky. 789, 294 S. W. 491, the rule is well established that the declaration of one conspirator after the accomplishment of the alleged conspiracy is not competent against the other conspirator. The evidence complained about did not relate to conversations which tended to show the guilt of any of the parties, or, in fact, to conversations at all. It related to the appearance of the appellants and those associated with them in the crime, the pistols which they had, the condition of their clothing, that blood was on the pistol, and other related matters.

It is insisted by counsel for appellants that instruction No. 5, as given by the court, was erroneous and should not have been given. The instruction was not prejudicial to the rights of appellants. It was only an abstract statement enumerating some of the duties and rights of the deputy sheriff. It is established by the evidence that appellants knew that Jones was a deputy sheriff. In instructing the jury on this point at another trial the court should follow the law as announced in the case of Williams v. Com., and Com. v. West (Ky.) 113 S. W. 76; Fleetwood v. Com., 80 Ky. 1, 3 Ky. Law Rep. 497;

Caperton v. Com., 189 Ky. 652, 225 S. W. 481; Anderson v. Com., 232 Ky. 159, 22 S. W. (2d) 599.

The argument of the commonwealth's attorney, which is complained of, was not prejudicial, but in arguing the case again he will be governed by the rules announced in the case of Johnson v. Com., 217 Ky. 565, 290 S. W. 325.

Because of the failure of the court to change the venue on the showing as made, the case must be reversed, but this does not mean that the court may not yet hear evidence on the application for a change of venue and decide the question as the rights of the parties may appear.

Judgment reversed; cause remanded for proceedings consistent with this opinion.