## Miller v. Commonwealth.

(Decided September 29, 1931.)

C. A. NOBLE and VERNON FAULKNER, for appellant.

J. W. CAMMACK, Attorney General, and M. B. HOLIFIELD, Assistant Attorney General, for the Commonwealth.

OPINION OF THE COURT BY CREAL, COMMISSIONER— Affirming.

This is the second appeal of this case; the opinion on the former appeal being found in 234 Ky. 346, 28 S. W. (2d) 45. Elvin Neace and others who were jointly indicted with appellant in the Perry circuit court for the murder of Boycan Jones, a deputy sheriff, were also tried and convicted in a separate trial, and on appeal the judgment as to them was reversed. See Neace et al. v. Commonwealth, 233 Ky. 545, 26 S. W. (2d) 489.

The judgment of the lower court in each of these cases was reversed because of error in overruling the application for change of venue. When the cases were first called for trial in the Perry circuit court, the defendants filed a petition for change of venue with supporting affidavits in conformity with the provisions of the statute. Ky. Stats., sec. 1109 et seq. The commonwealth failing to offer any evidence on the motion, the court ordered the petition to be controverted of record, and overruled the motion for change of venue. The petition for change of venue is found in the record of the former appeal, which has been placed with the record in this appeal.

We have carefully examined this petition, and find that it relates solely to conditions existing in the county of Perry. At the outset it asks for a change of venue "to some county in this state other than Perry or Leslie because of the following reasons": and the prayer of the petition is for a change of venue to some county other than Perry or Leslie. These are the only references to the latter county, and none of the allegations of the petition and nothing in the supporting affidavits relates to any condition existing in Leslie county or tends in any way to show any reason whatsoever why the defendant could not have a fair and impartial trial in that county.

When the case was remanded to the Perry circuit court and was again called for trial, the court inquired of the defendant and his counsel if they desired to introduce further evidence on the motion for change of venue, whereupon they announced that they did not desire to take any further steps until the issues raised by their petition had been met by the commonwealth. Thereupon the court made an order transferring the case to the Leslie circuit court, in which court appellant was again tried, convicted, and his punishment fixed at life imprisonment. On appeal from that judgment, his counsel insists that the court erred in not transferring the case to some county other than Leslie.

The motion of appellant for change of venue and the supporting affidavits do not allege sufficient or any grounds for a change of venue to a county other than Leslie, and it must follow that the court did not err in transferring the case to that county. The counties of Perry and Leslie adjoin and are in the same judicial district.

In making provision for change of venue, it was not the intention of the Legislature that one standing accused of a crime should select the forum in which he is to be tried. The venue of actions is fixed by law, and cannot be changed except upon proper showing and in strict conformity with the provision of the statute.

Some question is raised as to the sufficiency of the evidence to warrant a conviction, but there is ample evidence to support the verdict of the jury. In the case of Neace v. Commonwealth, supra, where the evidence was practically the same as in this case, it was said:

"It is unnecessary to narrate the details of the revolting crime. They were charged with the murder of one Boycan Jones, a deputy sheriff of the county, and proof tended to establish that the murder was accomplished with savagery unexampled in modern life. The evidence was abundantly sufficient to authorize a conviction. . . ."

Without going into detail or an unnecessary recital of the evidence, we may adopt the language of Judge Logan and say that our examination of the evidence discloses that it was abundantly sufficient to authorize a conviction.

Finding no error in the record prejudicial to appellant's substantial rights, the judgment of the lower court is affirmed.