## Gum v. Commonwealth.

Oct. 6, 1942.

Shumate & Shumate and John W. Walker for appellant.

Hubert Meredith, Attorney General, and A. E. Funk, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER —Affirming.

Having been jointly indicted with three others, the appellant, Bill Gum, was separately tried and convicted

of the crime of robbery and sentenced to serve two years in the state reformatory.

The first ground relied on for reversal is that the court erred in overruling appellant's motion for a continuance, and, if wrong in that contention, he was entitled to have the absent witnesses' alleged testimony read in full to the jury. The affidavit filed in support of the motion for continuance recited the testimony which if they had been present would have been given by Madeline Smith, Rosa Farthing, Louis Wiseman, Allie Lynch, Carl Harris, and A. G. Powell. The court read the affidavit in respect to the testimony of Madeline Smith and Carl Harris; declined to read the testimony of A. G. Powell and Louis Wiseman because of their absence from the jurisdiction of the court; and, without assigning the reason, declined to permit the jury to receive the testimony of Allie Lynch and Rosa Farthing. The evidence which it is alleged these witnesses would give if present at the trial related to events previous to the happening of the robbery and in no way established an alibi or other defense except to contradict the prosecuting witness who was the victim, if a robbery occurred. Every fact contained in the rejected affidavits was testified to by other persons and was to the effect that previous to the robbery the prosecuting witness was the victim of severe punishment at the hands of A. G. Powell, proprietor of the Black Cat Restaurant in the city of Irvine. At the time of the fight with Powell he was extremely intoxicated and in the fight received injuries which might have rendered him incapable of remembering what occurred later in the night. It will thus be seen that the rejected portion of the affidavits was cumulative and amply presented in the testimony of witnesses present at the trial. The rule established in this jurisdiction is that where it does not appear that the accused could better his defense, if granted a continuance, refusal of a continuance on the ground of absent witnesses will not be considered to be prejudicial. Carter v. Commonwealth, 258 Ky. 807, 81 S. W. (2d) 883, 885 and cases therein cited. The record in this case discloses that all persons who had information or had reason to have information of any facts directly or indirectly connected with the actual commission of the crime, if it occurred, were present at the trial and testified either for the Commonwealth or the defendant. We are therefore of the opinion that the refusal to read the evidence contained

in the affidavits was not prejudicial to appellant's substantial rights.

Appellant next complains that the court permitted incompetent evidence to be received by the jury over his objections and exceptions. The evidence was to the effect that two of the persons jointly indicted with appellant had eaten lunch and had drunk beer on the same night, but after the time, of the alleged robbery; had engaged and paid for a room in which they slept that night; and that one of these men had deposited nine or ten dollars for safe keeping with the owner of the restaurant and hotel. While we consider this evidence to be incompetent, we think it had no bearing on whether or not appellant or his co-defendants had committed robbery previous to the time of their arrival at the hotel. Appellant himself testified that he had driven these men to a point near the restaurant and that they had parted company with him at that place. The mere fact that one of the alleged robbers was in possession of nine or ten dollars had no bearing whatever upon whether he had obtained it lawfully or unlawfully, in the absence of evidence that earlier in the evening he was not possessed of such amount. We are aware that the rule is well established that the declaration of one conspirator after the commission of the alleged conspiracy is not competent as against the other party, Thacker v. Commonwealth, 219 Ky. 789, 294 S. W. 491, but the testimony here complained of was not a declaration of a conspirator against the appellant within the meaning of the rule. The testimony was of no evidentiary value on the issue of the commission of the robbery. That being true, it was not prejudicial to appellant. The prosecuting witness testified that Carl Harris, who was not named in the indictment, had approached him in an endeavor to get him to "let up on the prosecution." The objection to this testimony was sustained and the jury admonished not to consider it as evidence in the case; but appellant's motion to set aside the swearing of the jury and continue the case was overruled. The testimony complained of was not of such an inflammatory nature as to require the swearing of the jury to be set aside. Appellant's rights were amply protected by the court's admonition to the jury. In Tincher v. Commonwealth, 253 Ky. 623, 69 S. W. (2d) 750, the court said:

"Moreover, it should be remembered that we are

not authorized to reverse a judgment, not even one imposing the death penalty, except in cases where the error complained of clearly operated prejudicially to the rights of the one on trial.''

It is next complained that the court should have directed the jury to find appellant not guilty; the verdict is flagrantly against the evidence and the result of passion and prejudice on the part of the jury; and the verdict is contrary to the law; and the evidence is insufficient to support the verdict. A consideration of these questions requires a brief resume of the evidence.

Robert Lakes, the prosecuting witness, was engaged in the business of selling candy and other merchandise in the city of Winchester and had called on various customers on the day the robbery is alleged to have occurred. In the evening he stopped at the Black Cat Restaurant in the city of Irvine for the purpose of eating sandwiches and drinking beer. He testified that he was not drunk and about 10:30 that night left the restaurant with the intention of going home. After entering his truck he started toward Winchester and had driven two or three hundred yards when overtaken and stopped by two strangers in an automobile. He stated that one of the men approached his truck on its left side and the other on its right side; that the man on his left immediately delivered severe blows to his head and neck and both got into his truck wedging him between them. They severely beat and choked him, and drove him to the outskirts of town, where they threw him into a ditch along the highway rendering him unconscious. When he recovered consciousness, he discovered that money of the value of fifty or sixty dollars and checks in the amount of approximately two hundred dollars were missing from his person. His truck had disappeared and was recovered at a garage in Irvine the following morning. There is no testimony as to how the truck was delivered to the garage. Appellant and two of his codefendants testified that after Lakes had engaged in the fight with Powell, appellant's codefendants separated Powell and Lakes and accompanied Lakes from the restaurant in an endeavor to save him from being killed by Powell; that appellant and the fourth alleged participant in the robbery drove alongside them in appellant's car and one of the men accompanying Lakes asked appellant to drive Lakes' truck out of town so as to prevent his arrest and

further injury at the hands of Powell. Appellant consented to do so and Lakes got in his car. The other two men drove Lakes' truck to the edge of town near a school house. Both vehicles were stopped at this point and appellant and his companions assisted Lakes into his truck where they left him and returned to town. They testified that they did not harm him in any way nor did they commit the crime for which they were indicted.

That it is the province of a jury to determine the truth upon conflicting evidence is so well established as to require no recitation of authority. Here the evidence was conflicting, and, if the jury believed, as it did, that the prosecuting witness was telling the truth, his evidence is sufficient to support the verdict. It is true that Lakes did not positively identify the appellant as one of his assailants, but appellant and his codefendants testified that they were in the company of the victim of the robbery at the time Lakes testified the crime was committed. Lakes positively identified one of appellant's companions and stated that a person of appellant's general stature and appearance was the other participant. A disinterested witness testified he saw appellant beside a truck answering the description of the truck owned by Lakes. The fact that appellant admitted he was in the company of the person positively identified by the victim as one of the robbers and further admitted that he was one of the men in the company of the victim of the robbery at or about the time Lakes testified the robbery was committed was sufficient evidence for the jury to conclude that appellant participated in the commission of the crime.

Final complaint is made that the court failed to give the whole law of the case in the instructions to the jury. Lakes testified that some candy and probably other merchandise in his truck was not present when he recovered it the following morning. Appellant contends that since some of the merchandise was missing and there was evidence that appellant was seen beside the truck he was entitled to have an instruction on larceny as a lower degree of the crime for which he was indicted. But with this contention we cannot agree. It is true that larceny is a degree of the crime of robbery and that robbery is larceny committed by force or placing the victim in fear; but a defendant on trial for robbery is not entitled to an instruction on larceny where he does not ad-

mit he took the property from the possession of the victim. Elam v. Commonwealth, 273 Ky. 414, 116 S. W. (2d) 981. The evidence for the defendant did not present a theory entitling him to an instruction for a lower degree of the crime for which he was indicted.

The judgment is affirmed.