## Albertson et al. v. Commonwealth.

October 19, 1948.

L. C. Lawrence, Ralph Hurt and H. B. Jones for appellants.

A. E. Funk, Attorney General, and Squire N. Williams, Jr., Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Reversing.

The appellants, J. A. Fowler and Virgil Albertson, were sentenced to life imprisonment for the murder of Neet Denney. Several grounds are urged for reversal, the principal ones being that the trial judge erroneously withdrew from the jury all evidence relating to a search warrant which was issued on the day preceding the killing, and the jury was improperly instructed.

At about 1:30 P. M. on September 7, 1947, the appellant, Virgil Albertson, who was a constable of Clinton County; Bill Coop, who was also a constable; the appellant, J. A. Fowler, who was a deputy constable under Bill Coop; and Dee Smith and Elza Fowler went to Neet Denney's home. They found Neet Denney, his son, Luther, and Gran Burchett in the front yard. Albertson read the warrant to Neet Denney, who said it wasn't legal, but told Albertson and Coop that they could go ahead with the search. He objected to J. A. Fowler's joining in the search because he had had some previous trouble with him. Smith and Elza Fowler did not go on the Denney property and J. A. Fowler retired to the road and took no part in the attempted search.

A summary of the testimony for the prosecution follows: When Albertson and Coop started the search, Jim Fowler called to them to search Luther Denney. Luther was grabbed by the searchers and thrown to the

ground, and as he got up Jim Fowler shot him in the back twice. When he fell again, he had a gun in his hand and Albertson put his foot on his hand. Neet Denney came running up to the scene and said, ''For God's sake, don't shoot any more; you have already killed Luther.'' Thereupon Albertson whirled and shot Denney in the stomach. During the affray Coop was shot twice and Albertson was shot once in the leg. Luther Denney went to the porch and sat down. He died in a short while. Coop died on the way to the hospital and Neet Denney died within a few days.

The appellants, who are being tried for the murder of Neet Denney and not that of his son, Luther, testified that Neet Denney was shot by Coop as he, Denney, approached the scene of the affray armed with a .45 automatic. They said that when they first arrived at the Denney home Luther went to the house and his wife handed him something which he tucked in his belt under his blouse. In a scuffle between Albertson and Luther, the former was struck over the head. When Coop reached the scene of the scuffle, Luther jerked his pistol from under his blouse and shot Coop twice and then shot Albertson after knocking him down. Albertson said he did not draw his gun until after he had been shot by Luther. Fowler admitted that he had had trouble with Neet Denney, but said they had made up, and that when he saw a gun under Luther's blouse he called to Albertson and Coop to watch out. He said also that after Luther had shot at Albertson while he was down and had fired at Coop, he fired at him and that he, Fowler, fired five shots at Luther. He said further that a .45 automatic was taken from Neet Denney and that Luther's gun was never found. There was testimony showing that Coop was shot with a .45 automatic.

The trial judge withdrew from the jury all evidence relating to the search warrant because it was not executed on the day it was obtained. KRS 242.370 and KRS 242.990. Paragraph 2 of the first section provides that any officer receiving a search warrant shall immediately execute it on the day it is received. The latter section provides a penalty for the failure to comply with KRS 242.370. We believe the ruling of the trial judge was erroneous. There is no charge of fraud relative to the issuance of the warrant, though there is conflicting

evidence relative to the manner of its obtention. While it is true that its execution was not in strict compliance with the provisions of the statute, it furnished color of authority for the officers to attempt the search. Furthermore, Neet Denney permitted Albertson and Coop to make the search and gave as his reason for refusing to allow Fowler to join therein his previous personal difficulty with that officer. We think it is significant also that the difficulty did not start with Neet Denney, but rather with his son, Luther.

It is obvious from what has just been said that the instructions should have been so framed as to advise the jury that the officers were not attempting an illegal search. We have noted that the appellants said the deceased officer, Coop, fired the fatal shot at Neet Denney, and that neither of them fired at him. There was no testimony showing that Fowler ever fired at Neet Denney. It is obvious, however, that both Albertson and Coop were engaged in an affray with Luther and that Neet Denney was shot when he approached the scene. The Commonwealth's witnesses testified that Neet was unarmed at the time and the appellants' witnesses testified to the contrary. Under the circumstances, the instructions relating to Albertson should have authorized the jury to find him guilty if he shot Neet Denney, or ,if he aided and abetted Coop in so doing. The instructions relating to Fowler should have authorized the jury to find him guilty only in the event they found he had aided and abetted either Albertson or Coop in the killing of Neet Denney, since there was no testimony showing that he fired any shots at him. Stanley's Instructions to Juries, p. 1033, section 765. Howard v. Commonwealth, 304 Ky. 149, 200 S. W. 2d 148.

Upon another trial, if there be one, no bloody and soiled clothing of the Denneys should be submitted to the jury unless it be shown that such clothing was in the same condition as it was when it was taken from their bodies. Webster v. Commonwealth, 223 Ky. 369, 3 S. W. 2d 754.

Objection is made to testimony showing that Albertson was still in possession of a pistol when he was taken to the hospital. We fail to see how this statement was prejudicial. Apparently, Albertson thought he had some

reason for keeping the pistol or he would have surrendered it before he entered the hospital, or at least would have done so when the request was first made of him.

Objection is made also to the testimony of a doctor relative to questions as to whether some of the bullets entered Luther Denney's back. While the doctor admitted he could be in error and that he was not an expert on the subject, we think he was qualified to give his opinion as to the manner in which the wounds were inflicted. Jones v. Commonwealth, 249 Ky. 502, 60 S. W. 2d 991. This evidence related to the question of whether Fowler fired first at Luther Denney's back or whether he did not fire at Luther until Luther fired at him.

It is argued that the verdict is excessive, but we deem this contention to be groundless. If the version of the prosecution was correct, Neet Denney was wilfully murdered, while if that of the defense was correct, he was shot in self defense. The question was clearly one for the jury.

It follows from what has been said that the judgment should be and it is reversed, with directions to set it aside and for proceedings consistent with this opinion.