**Ebb WADE, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Oct. 31, 1958.

As Modified on Denial of Rehearing
April 22, 1960.

Robert B. Reed, Richard R. Bryan, Paducah, for appellant.

Jo M. Ferguson, Atty. Gen., David B. Sebree, Asst. Atty. Gen., for appellee.

EBLEN, Judge.

The appellant was found guilty of malicious shooting with intent to kill and his

punishment was fixed at imprisonment for twenty-one years. On this appeal it is asserted that the lower court erred to the prejudice of the appellant in overruling a motion for change of venue, in refusing to grant a continuance to the appellant for the purpose of amending the motion for a change of venue, and in refusing to grant a new trial for alleged misconduct of jurors.

■ Proper notice having been given, the appellant filed his verified petition for change of venue, with the affidavits of two persons, "not kin to or of counsel for" the appellant. The two affiants did not state that they were acquainted with the state of public opinion in McCracken County, or that they verily believed the statements of the petition for change of venue to be true, as required by KRS 452.220(2). These affidavits bear a striking resemblance to those held to be deficient in Hunter v. Commonwealth, 208 Ky. 466, 271 S.W. 559, 560, in which it is stated that " * * * they were not sufficient to establish even a prima facie right to a change of venue, and the court did not err in refusing the application even though no other evidence was heard on the question." Since the affidavits did not meet the requirements of KRS 452.220(2) the lower court committed no error in refusing to grant a change of venue.

■ After the unfavorable ruling on the motion for change of venue, the appellant made a motion for a continuance so that the petition for change of venue and the supporting affidavits might be amended, it being stated that the persons were present in the courtroom at the time. The lower court overruled the motion. While it may appear harsh to deny a brief continuance under these circumstances, it does not amount to an abuse of the discretion vested in the lower court. Our inquiry is restricted to an examination of the record. It does not appear that the attorneys who represented the defendant were unaware of the requirements of the statute authorizing a change of venue or that they had insuffi-

cient time in which to prepare and submit proper affidavits before the time set for trial. Refusal of a last-minute request for time to do what could and should have been done before, without any mitigating circumstances, is not arbitrary action. See Graham v. Commonwealth, 164 Ky. 317, 175 S.W. 981.

■ The alleged misconduct of jurors presents a more serious question. This was asserted in an amended motion and grounds for a new trial and was based upon the affidavits of two persons, both of whom stated that during a recess or intermission they saw Mrs. Wren and another lady go into the jury room, along with some jurors; that the affiants did not know what these persons in the jury room talked about, or whether they discussed this case, but that they were all together in the jury room; and that the jurors in the room with the two ladies were the jurors trying this case. Mrs. Wren was a witness for the prosecution and the wife of the chief prosecuting witness. The other lady with Mrs. Wren is not identified.

Courts have emphasized the importance of keeping jurors free from contact or communication with others during a trial. As a practical matter an absolute aloofness cannot be maintained, and a fair margin of leniency has been permitted. 22 A. L.R. 254. Each case must depend upon its facts and all the surrounding circumstances. We think that the statements in these affidavits fail to present such a case of misconduct as requires the granting of a new trial.

The affidavits do not charge that the door was ever closed or that either of the ladies talked to any juror or said anything to each other or anyone else in the hearing of any juror. They do not charge that the room was at the moment being used by the jury for any purpose peculiar to it. There is nothing to show that the public generally was at the time barred from using the room. It is not claimed that the two women were in the room alone with the jurors or that

there was any furtive action on the part of either of them. There is no charge that the jury had separated or that the officer in charge was not present. Close scrutiny reveals that the affidavits do not go so far as to show a reasonable opportunity to talk to the jurors. In fact, the two affidavits are identical skeletons rattling noisily but nevertheless void of meat. Accordingly, we cannot say that the lower court erred in not granting a new trial because of the conduct alleged in the affidavits.

The judgment is affirmed.