**Ebb WADE, Petitioner,**

v.

**William L. JONES, Warden, Kentucky State Penitentiary, Respondent.**

**Civ. A. No. 1176.**

United States District Court
W. D. Kentucky,
at Paducah.

March 27, 1961.

**334**

Ebb Wade, pro se.

William L. Jones, John B. Breckinridge, Atty. Gen. of Kentucky, for respondent.

SHELBOURNE, District Judge.

The petitioner Ebb Wade filed his petition for a writ of habeas corpus on January 25, 1961, and filed on that date an affidavit avowing his inability to pay any cost and seeking permission to proceed in this Court in forma pauperis. By its order of January 25, 1961, the Court granted him permission to proceed without the prepayment of cost, directed the petition to be filed, and ordered a rule issued to the respondent William L. Jones, Warden of Kentucky State Penitentiary, to show cause why the writ sought by the petitioner should not be granted.

January 31, 1961, the respondent, represented by an Assistant Attorney General of the Commonwealth of Kentucky, appeared and moved the Court to dismiss the petition on the ground that the petitioner had not exhausted the remedies available under the laws and through the courts of Kentucky.

It appears from his petition and from the opinion of the Kentucky Court of Appeals, reported under the style of Wade v. Commonwealth, 334 S.W.2d 901, that petitioner was charged by indictment in the McCracken Circuit Court at Paducah, Kentucky, with the offense of malicious shooting with intent to kill, was convicted, and sentenced to confinement in the penitentiary for 21 years.

The principal grounds relied upon by the petitioner on his appeal were the alleged refusal of the court to grant a change of venue, to grant a continuance, and to set aside the verdict of the jury after the trial because of the misconduct on the part of some of the jurors trying his case. Those grounds were also relied upon in a petition for a writ of certiorari filed in the United States Supreme Court where the petition was denied.

Having exhausted the remedies available to him in the Courts of Kentucky as required by Section 2254 of Title 28 United States Code, the petitioner seeks relief in this Court under Chapter 153 of Title 28 United States Code, alleging that his conviction by the jury was in violation of his constitutional rights as guaranteed by the 14th Amendment to the Constitution of the United States vouchsafing to him due process.

Substantially as alleged in his petition here and as considered by the Kentucky Court of Appeals in the opinion, supra, it was charged in the affidavits of two persons that during a recess or intermission in petitioner's trial in McCracken Circuit Court the wife of the prosecuting witness and another lady were observed in the jury room along with some of the jurors trying the case. Neither of the affiants knew of any discussion between either of the ladies and any of the jurors, but there was no charge made that the case was discussed.

Whether the jurors were guilty of any misconduct or subjected to improper influence affecting their verdict was a fact to be determined by the trial judge. The trial judge concluded that there was no impropriety or misconduct on the part of the jurors and it is not for this Court to sit in review of the trial court's alleged abuse of discretion. Federal courts are not given authority to review on appeal the action of State courts in the trial of their criminal cases.

We note that the Kentucky Court of Appeals accorded to Wade's contention of error that it presented a serious question.

Petitioner relies upon the cases of Klose v. United States, 8 Cir., 49 F.2d 177, and Ex parte Marrin, D.C., 164 F. 631; Marrin v. United States, 3 Cir., 167 F. 951, certiorari denied 223 U.S. 719, 32 S.Ct. 523, 56 L.Ed. 629. Neither case

sheds any helpful light on the factual situation involved in this case.

It is ordered that the petition be and same hereby is denied and dismissed.