**Eb WADE, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

June 12, 1964.

Eb Wade, pro se.

Robert F. Matthews, Atty. Gen., Ray Corns, Asst. Atty. Gen., Frankfort, for appellee.

MONTGOMERY, Judge.

Eb Wade's conviction of the offense of malicious shooting with intent to kill and accompanying sentence of twenty-one years was affirmed. It was reconsidered on petition for rehearing. Wade v. Commonwealth, Ky., 334 S.W.2d 901, cert. denied 364 U.S. 847, 81 S.Ct. 90, 5 L.Ed.2d 71. His unsuccessful attempt in a habeas corpus proceeding to void the judgment on the ground of illegal search and seizure was affirmed. Wade v. Thomas, Warden, Ky., 357 S.W.2d 678.

By this procedure under RCr 11.42, appellant now claims that he was not sane at the time of his trial or sentencing in 1958. A hearing on the motion was held at which evidence was introduced on the issue of his sanity. From an order overruling his motion, he has appealed.

Wade was permitted to proceed in the trial court and on appeal in forma pauperis. A complete record of the proceeding, including transcript of evidence, is here. Court-appointed counsel who, at his expense had visited Wade in the penitentiary was discharged by Wade at the beginning of the hearing. Further counsel was appointed and acted during the hearing. From the record it is plainly evident that the court painstakingly and patiently conducted the proceeding in such way that all rights of the appellant were scrupulously protected.

The evidence on the issue of sanity was conflicting. In support of his position, appellant testified to the effect that he did not remember anything of the trial or sentencing. The testimony of a cell mate and two relatives was introduced in corroboration. There is nothing of merit in this

6. See Severance v. Sohan, Ky., 347 S.W.2d 498, 501 (1961).

testimony. In opposition, the court heard the testimony of the circuit judge who presided at the trial and sentencing and the two attorneys who represented appellant on that occasion. In all, twelve witnesses were introduced. The transcript of evidence from the trial when appellant was convicted was also introduced.

The trial judge held that appellant was sane at the time of his trial and sentencing in 1958. Without detailing the testimony heard, there was ample evidence to sustain this finding. The finding of the trial judge is approved that there was no material evidence at the hearing to indicate that appellant was insane or mentally incompetent at the time he was tried or sentenced in 1958.

Judgment affirmed.