Willard L. MARTIN, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Feb. 18, 1972.

William R. Young, Eddyville, for appellant.

John B. Breckinridge, Atty. Gen., Robert W. Willmott, Jr., Asst. Atty. Gen., Frankfort, for appellee.

EDWARD P. HILL, Jr., Judge.

The appellant brings this appeal from a judgment of conviction after a jury trial of the offense of carnally knowing a female under eighteen years of age with her consent. Appellant's punishment was fixed at seven years' imprisonment, and he is currently serving that sentence.

The charges arose in Laurel County but the case was tried in Madison County pursuant to a change of venue.

The appellant and his wife first became acquainted with the prosecutrix at a tuberculosis hospital in London, Kentucky, in July 1968. Some two weeks later, the appellant and his wife went to the home of the prosecutrix and asked her mother if the prosecutrix could baby-sit for them while they went fishing. Upon receiving approval, the appellant, his wife, and the prosecutrix proceeded to the appellant's home where the acts which were complained of occurred.

The prosecutrix testified that the appellant attempted to force her to take "some pills" which she spat out; that both appellant and his wife removed her clothes; and that appellant's wife held her while the appellant had sexual intercourse with her. The prosecutrix further testified that the appellant "did it all night long" and when asked how many times he had intercourse with her that night, she replied: "I really don't know. Every time I came to, he was on me, and when he wasn't on me he was on her."

Appellant's wife refused to testify to matters concerning the event in question, and the appellant denied that he had intercourse with the prosecutrix or that he made any improper advances.

When the prosecutrix was returned to her home on the following day, she had blood on her shorts. She was examined by Dr. Leslie Carr the following day. He testified that she had bruises on her jaw and her thigh; that she was menstruating; that the hymen was not intact; and that she was red and tender in the vagina. He also testified that tests failed to reveal the presence of sperm and explained that the tests were inconclusive due to the fact that she was menstruating at the time.

Appellant presents four questions on this appeal which will be discussed in the order in which they occurred at trial.

■ First, appellant argues that the trial court erred in overruling his motion for a continuance prior to his trial. He stated that he desired to call certain witnesses and to seek permission to exhibit his sex organ in open court and that his court-appointed attorneys felt that these actions would hinder his case. Therefore, he sought the continuance in order to retain counsel of his own choosing and to employ a psychiatrist to examine him concerning his physical and/or mental condition to stand trial. In his motion for a new trial, he stated: "The Court committed error prejudicial to defendant in overruling his motion filed prior to the introduction of evidence and prior to the Commonwealth's opening statement; * * *."

Appellee argues that the above statement is not sufficiently specific to preserve the error, if any, for appeal. In the alternative, the appellee argues that the overruling of the initial motion for a continuance was not an abuse of discretion. With the latter argument we agree.

The trial court was clearly within its discretion in overruling the pre-trial motion of the appellant, and the trial court's ruling on the motion clearly demonstrates this. The appellant had three court-appointed attorneys whom the trial judge found to be highly competent. In the court's opinion, the motions were made for the purpose of delay. The offense had occurred over three years prior to trial; and in regard to the areas where the appellant and counsel disagreed as to the defense of his case, the court was of the opinion that counsel was right. Furthermore, the court pointed out that it had *sua sponte* ordered an examination by the State Mental Health authorities and that they had pronounced him competent to stand trial at the time. We find no abuse of discretion here.

Next, the appellant argues that the court erred in permitting the jury to know that the wife of appellant was a co-indictee and that her case had been disposed of already.

■■ It has long been the rule in this Commonwealth that it is improper to show that a co-indictee has already been convicted under the indictment. Webster v. Commonwealth, Ky., 223 Ky. 369, 3 S.W.2d 754. The question presented by this case is whether or not the use of the words "disposed of" instead of "convicted" requires the same condemnation. The words "disposed of" do not have the same degree of finality, nor do they require the hearer to reach the conclusion that the co-indictee was convicted. The words could just as easily have meant: disposed of by dismissal. However, we do not hesitate to point out disapproval of this action because of the inflection that may accompany such a word. We are of the opinion that the substantial rights of this appellant were not prejudiced by this reference to the co-defendant. Furthermore, there was no objection to this argument.

■ Next the appellant argues that the trial court erred in refusing to direct a verdict of acquittal because there was insufficient corroboration to support a verdict of guilty. There is no doubt that the uncorroborated testimony of the prosecutrix must be clear and convincing in order

to sustain such a conviction. Carrier v. Commonwealth, Ky., 356 S.W.2d 752 (1962), and Robinson v. Commonwealth, Ky., 459 S.W.2d 147 (1970). There appears to be in this case sufficient corroboration to support the conviction. To summarize, the mother of the prosecutrix testified that when she came home she had blood on her shorts and was crying; that her daughter left with the appellant and was returned by him; and that she took her daughter to the hospital the next day. Also, Dr. Carr testified that she had bruises on her jaw and thigh; that her vagina was red and tender; and that she was hysterical when admitted.

■ Finally, the appellant argues that the closing argument of the prosecutor was prejudicial because he repeatedly expressed his personal beliefs and opinions in respect to the evidence and because he commented on the failure of the wife of the appellant to testify in behalf of her husband.

The prosecuting attorney merely argued that he believed from the evidence that the appellant and his wife planned the rape. Certainly the attorney may make reasonable inferences from the evidence. The mere fact that, by the evidence, the wife participated in the beastly affair would raise supposition that some plan or understanding was previously made. We use the word "beastly" incorrectly perhaps because we know of no animal, biped or quadruped, that will urge or encourage the female of the species to engage in sexual intercourse against her will.

■ With respect to the argument of the Commonwealth's attorney on the refusal of the wife to testify, we must say such argument is improper, but no objection was made to this argument and consequently no opportunity afforded to the trial judge to correct the impropriety. The question was therefore not properly preserved for appellate review.

Other objections were made to certain parts of the Commonwealth's closing argument, but they were sustained. No further relief was requested.

The judgment is affirmed.

All concur.