**Raymond Cornelius MORRIS, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

March 17, 1972.

Matthew B. Quinn, Jr., Louisville, for appellant.

John P. Breckinridge, Atty. Gen., Robert W. Willmott, Jr., Asst. Atty. Gen., Frankfort, for appellee.

CULLEN, Commissioner.

Raymond Cornelius Morris was convicted on two counts of sale of narcotics and one count of possession of narcotics. He was sentenced to 20 years' imprisonment and a fine of $20,000 on *each* of the sale counts, and to 10 years' imprisonment and a fine of $20,000 on the possession count. The three prison terms were directed to run consecutively. Morris appeals, asserting three grounds of error.

The first ground of error relates to the statement made by the Commonwealth's attorney, in briefly outlining the nature of the case to the prospective jurors, that "the sale involved a transaction between Mr. Morris and another gentleman on the one hand—the other gentleman whose name will crop up, his cases have already been disposed of." Defense counsel's immediate objection and motion to discharge the panel were overruled. The "other gentleman" referred to was a man who, according to

the police testimony, was observed passing a bottle of narcotics to Morris, and who had made previous sales to undercover agents of the police.

The appellant points to the rule that it is improper to tell the jurors that a codefendant already has been convicted under the indictment. See Webster v. Commonwealth, 223 Ky. 369, 3 S.W.2d 754. Appellant argues that the statement in the instant case violated that rule.

 A substantially identical statement, using the words "disposed of," was involved in Martin v. Commonwealth, Ky., 477 S.W.2d 506 (decided February 14, 1972.) There we held that the statement was improper, but not so prejudicial as to require reversal since the statement did not clearly indicate, but only possibly could be interpreted to mean, that a codefendant had been convicted. We noted further, in the opinion in *Martin*, that no objection had been made, but that fact was not made dispositive. There is no more showing of prejudice in the instant case than there was in *Martin*, so here, as there, we hold that there was no reversible error.

As his second ground of error, appellant maintains that evidence of the finding of a bottle of narcotics in a search of his person should have been suppressed because the search was illegal. The searching officer testified that he had observed one Hinkle, a known narcotics dealer, pass a small bottle to Morris, in a poolroom which was under surveillance because of information that it was a headquarters for narcotics dealing. (Morris previously had made two sales of narcotics to another police officer, but the arresting officer did not know Morris. ) The officer approached Morris and asked him what he had put in his pocket. When Morris denied that he had anything in his pocket, the officer searched him and found the bottle (which upon later examination proved to contain narcotics). Upon finding the bottle, the officer immediately arrested Morris. The officer said that the bottle which he saw being handed to Morris was "what they carry heroin in."

It is our opinion that the search was reasonable and was based on probable cause and therefore was valid. See Irvin v. Commonwealth, Ky., 446 S.W.2d 570; Johnson v. Commonwealth, Ky., 443 S.W.2d 20.

Appellant's third contention is that the evidence did not sustain the convictions of sale. The alleged insufficiency of the evidence is that the officer to whom Morris sold narcotics on two occasions did not know Morris' *name*. The argument is completely without merit because the officer positively identified Morris, on the trial, as the person who sold him the narcotics. The fact that when he made the purchases the officer wrote on the packages, "unknown rack boy" (having reference to a poolroom job), instead of Morris' name, did not make the packages any less acceptable in evidence.

The judgments are affirmed.

All concur.