Walter E. PARIDO, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Supreme Court of Kentucky.

Feb. 18, 1977.

Jack Emory Farley, Public Defender, J. Vincent Aprile, II, Asst. Public Defender, Frankfort, for appellant.

Robert F. Stephens, Atty. Gen., James M. Ringo, Asst. Atty. Gen., Frankfort, for appellee.

PER CURIAM.

Walter E. Parido appeals from a judgment entered on a jury verdict finding him

guilty of robbery in the first degree and fixing his punishment at twenty years' imprisonment.

Walter E. Parido and Kenneth Stafford were jointly indicted on the charge of armed robbery of the attendant of the Thoni Service Station in Lexington. The evidence discloses that Parido and Stafford, after returning from a trip to Kokomo, Indiana, in an automobile being operated by Parido, stopped at the Thoni Service Station to get some gasoline. Stafford sat in the car while Parido went into the service station. When the attendant, J. B. Stewart, asked Parido for $10 for the gasoline, Parido threatened him with a pistol and told him to give him his money or he would shoot him. Stewart surrendered all his cash, and Parido and Stafford departed. Within some forty-five minutes to one hour the two men were arrested in Parido's automobile, and a pistol was found partly concealed under the front seat where Parido was sitting. Both men claimed to have been drinking rather heavily, and Parido said that he was so drunk he didn't know what he was doing.

The two men were jointly indicted for armed robbery in the first degree. However, before the case was called for trial, Stafford entered a plea of guilty, and the court fixed his punishment at twenty years in the penitentiary. The Commonwealth, in trying Parido on the charge against him, called Stafford as a witness. Upon direct examination, the following questions were propounded by the Commonwealth and answered by Stafford:

"D44 Were you charged by Detective McClain with robbery in the first degree?

A Yes, sir.

D45 Along with Walter Parido?

A Yes.

D46 Did you come in here before this court and enter a plea of guilty to that charge?

MR. WALTER: Objection.

THE COURT: Overruled.

D47 Did you enter a plea of guilty to that charge of robbery in the first degree?

A Yes, sir.

D48 And were you sentenced?

A Yes.

D49 What was your sentence?

MR. WALTER: Objection.

THE COURT: I will have to sustain as to the form—what is the penalty.

D50 Has the penalty been fixed?

A Yes.

D51 What was the penalty?

A Twenty years."

Upon redirect examination the Commonwealth again raised the issue of the prior plea of guilty and the penalty assessed by the following question?

"RD3 On this guilty plea of robbery in the first degree, you took the maximum penalty of twenty years?

A Yes."

Later, in his closing argument to the jury, the Commonwealth's attorney, in discussing Parido's claim that he was too drunk to know what he was doing, cast this defense aside and made the following statement:

"Because what we boil down to is proof beyond all doubt that he committed this robbery, but the added proof by the co-defendant that he did it, because he came in here and took the maximum penalty for sitting in the car when the robbery went down, twenty years."

No objection was made to the statement contained in the closing argument by Parido.

■ Parido now asserts that the court committed error prejudicial to his substantial rights by permitting the Commonwealth to elicit from the co-indictee or co-defendant evidence that he had pleaded guilty to the crime charged and accepted the maximum penalty of twenty years. This court finds that such evidence presented in this manner is highly prejudicial to appellant's substantial rights, and its admission is error of such magnitude as to require reversal.

In *Martin v. Commonwealth*, Ky., 477 S.W.2d 506 (1972), this court said:

"It has long been the rule in this Commonwealth that it is improper to show that a co-indictee has already been convicted under the indictment."

In *Webster v. Commonwealth*, 223 Ky. 369, 3 S.W.2d 754 (1928), evidence of the prior conviction of a co-defendant was elicited upon cross-examination. Of that evidence this court said:

"It was clearly improper to show on the trial of appellant that Oval Webster, jointly indicted with him, had been convicted under the indictment. * * *. The defendant's objection to the evidence should have been sustained. The commonwealth may show that Oval Webster has been convicted of a felony, but only for the purpose of impeaching him as a witness, and, if such evidence is given, the court should tell the jury that it is only to be considered by them on the credibility of the witness."

In *Foure v. Commonwealth*, 214 Ky. 620, 283 S.W. 958 (1926), this court said:

"Gillis had been convicted a second time under this indictment and his appeal was pending at the time of this trial. He was introduced as a witness for defendant and on cross-examination was required to answer that he had been convicted of a felony, although it was shown that an appeal was then pending in his case. * * *. The effect of this evidence was to show that another jury had found Gillis guilty of the same offense here charged, which was quite prejudicial to appellant's substantial rights."

In *Crawford v. Commonwealth*, 242 Ky. 458, 46 S.W.2d 762 (1932), Kim Crawford, along with his brother, Porter Crawford, and others had been indicted for murder. Porter Crawford was first tried and found guilty. At the trial of Kim Crawford, Porter was required to testify on cross-examination over the objection of the defendant that he had been tried and convicted on the same indictment then pending against the defendant, Kim Crawford. Although the court instructed the jury only as to murder and conspiracy, it required the jury to believe beyond a reasonable doubt that Kim Crawford conspired with Porter Crawford to commit the murder. In discussing Porter Crawford's testimony and its effect, this court said:

" * * * But under such circumstances it was peculiarly prejudicial to the defendant to get before the jury the fact that Porter Crawford had been found guilty although an appeal was pending, and this evidence was used with telling effect in the argument of the case to the jury. Clearly this error was prejudicial to the substantial rights of the defendant, and that a new trial should be granted."

Cf. *West v. Commonwealth*, 273 Ky. 779, 117 S.W.2d 998 (1938).

The Commonwealth seeks to ameliorate the prejudicial effect of the evidence introduced by arguing that it could at least have been introduced to impeach the witness. Upon this question, it is on sound ground except for this shortcoming. First, Kenneth Stafford was introduced as a witness on behalf of the prosecution. The evidence elicited was upon direct examination, and there is no showing at any place in the record that this Commonwealth witness ever reached the point of becoming a hostile witness to the extent that would have justified the introduction of evidence, if necessary, regarding his credibility. The truth of the matter is the Commonwealth was in no wise concerned with the credibility of this witness, and this issue was not raised because Stafford told exactly what the Commonwealth wanted to hear. He was a most cooperative and friendly witness. As Stafford's credibility was not an issue, the admission of evidence concerning his guilty plea and the assessed maximum penalty of twenty years' imprisonment was reversible error.

■ Parido complains mightily concerning asserted erroneous action of the court in refusing to instruct the jury on the question of intoxication. KRS 501.080 provides that intoxication is a defense to a criminal charge only if the condition negatives the existence of an element of the offense. One of the necessary elements of the offense of the robbery in the first degree is

intent. Parido argues rather extensively that his intoxication clearly demonstrated that he had been unable to form the intent. However, the failure to give an instruction on intoxication creates a rather awkward situation where the accused has testified that he was so drunk that he didn't remember going to the service station, ever being there, buying any gasoline, robbing the man, or fleeing with the loot. In other words, there is a gap of total darkness in this area of recollection. An accused is always entitled to have this defense submitted to the jury if his evidence is sufficient to indicate the degree of intoxication required by KRS 501.080 to prevent his forming an intent to commit the robbery.

We do not reach and pass upon the other issues presented by the appeal, for the alleged errors may not occur upon a retrial of this case.

The judgment is reversed for proceedings consistent with this opinion.

All concur.