Johnny TIPTON, Appellant,

v.

COMMONWEALTH of Kentucky,
Appellee.

Supreme Court of Kentucky.

Nov. 2, 1982.

Jack Emory Farley, Public Advocate,
Rodney McDaniel, Asst. Public Adv., Frankfort, for appellant.

Steven L. Beshear, Atty. Gen., Martin
Glazer, Asst. Atty. Gen., Frankfort, for appellee.

## OPINION OF THE COURT

Johnny Tipton was convicted of robbery
in the first degree and of being a persistent
felony offender in the first degree and was
sentenced to thirty years.

Tipton and a cohort, Elvis Hodge, decided
one afternoon to rob Carpenter's Grocery.
Tipton had gone to the store earlier in the
day, purchased a soft drink, and returned to
tell Hodge that the grocery would be easy
to rob, Mrs. Carpenter being the only person in attendance.

After having secured a pair of ski masks,
a rifle and a shotgun, Tipton and Hodge
returned to the store. While Tipton waited
at the car, Hodge entered the store wearing
one of the ski masks and carrying a gun.
As Mrs. Carpenter testified, Hodge, upon
entering the store, pointed the gun at Mrs.
Carpenter. However, he never said anything to Mrs. Carpenter; he just stood
there for twenty seconds or so and turned
and left. As he was leaving the store, Mrs.
Carpenter heard him say, "Let's get out of
here," or something to that effect, to Tipton, who was also wearing a mask and who

by this time was standing outside the car. They both got in the car, a black Ford which Mrs. Carpenter was later to describe to the police, and drove away.

Hodge and Tipton were later arrested by state police officers who spotted them in a black Ford. In the car were two ski masks, a rifle and a shotgun.

At trial, Hodge, who earlier in the day pled guilty to second-degree robbery, testified that once he got into the store he decided he "couldn't go through with it, just didn't have the heart to do it."

Tipton's first assignment of error was that the evidence was insufficient to support a conviction of robbery. Under KRS 515.020:

> (1) A person is guilty of robbery in the first degree when, in the course of committing theft, he uses or threatens the immediate use of physical force upon another person with intent to accomplish the theft and when he:
> (a) Causes physical injury to any person who is not a participant in the crime; or
> (b) Is armed with a deadly weapon; or
> (c) Uses or threatens the immediate use of a dangerous instrument upon any person who is not a participant in the crime.

The Commentary (1974) to KRS 515.020 states that, "KRS 515.030 defines the basic robbery offense in terms of the theft committed by use or threatened use of physical force upon another person." The Commentary (1974) further provides:

> To be convicted under KRS 515.030, an offender must have intended, with his use or threatened use of physical force, to accomplish a theft. Through this requirement, all of the elements of the crime of theft as set forth in KRS 514.030 are incorporated into this offense. In this way, KRS 515.030 limits the offense of robbery to conduct which involves an unlawful taking (or attempted taking) of property with intent to deprive the owner of its use permanently.

Thus the offense of robbery is not committed unless the defendant's conduct involves either an unlawful taking or attempted taking of property. Tipton argues that the evidence presented in this case was insufficient to establish either of these facts.

Two witnesses testified concerning the circumstances of the alleged robbery: the victim, Norma Carpenter and the co-indictee, Elvis Hodge. Mrs. Carpenter testified that Hodge entered her store, pointed a gun at her, and left. He did not speak to her and because of that Mrs. Carpenter did not know what he had in mind.

Elvis Hodge stated that he and Tipton had talked about robbing the store, obtained the necessary equipment and then drove to the store in Tipton's car. However, once they arrived and Hodge entered the store, Hodge "decided [he] couldn't go through with it."

Tipton argues that this evidence is insufficient to prove a theft or attempted theft, a requirement of the crime of robbery. This argument might have some merit if it had been made in regard to Hodge. Hodge could have argued that he renounced his criminal purpose, i.e. theft, and that the evidence showed he had completely and voluntarily abandoned his effort to commit the crime. See KRS 506.020. Evidence of renunciation by Tipton, on the other hand, is very weak. As KRS 506.020 provides, "[a] renunciation is not 'voluntary and complete' ... if it is motivated in whole or in part by ... [a] belief that circumstances exist ... which render more difficult the accomplishment of the criminal purpose." Clearly, the fact that Tipton's accomplice had abandoned the effort is evidence which would tend to prove not that Tipton had "voluntarily" abandoned his criminal purpose, but on the contrary had quit the scheme because of circumstances which made the accomplishment of the crime more difficult.

Mrs. Carpenter had been threatened with a deadly weapon. She was threatened not only by Hodge, but by Tipton as well, who was likewise armed and standing outside by the car. All this occurred during the commission of a theft, for obviously Tipton had attempted a theft. He was thwarted only because his accomplice had lost his nerve. For these reasons we find the evidence sufficient to support his conviction of robbery in the first degree.

**820**

Tipton also alleges that the trial court improperly refused to instruct on menacing and terroristic threatening. He makes a persuasive argument that these crimes are lesser included offenses of the crime of robbery. Nonetheless, as this court has made clear, to support a lesser included instruction the posture of the evidence must be such as to create a reasonable doubt as to whether the defendant is guilty of the higher or lower degree. See *Isaacs v. Commonwealth,* Ky., 553 S.W.2d 843 (1973) and *Luttrell v. Commonwealth,* Ky., 554 S.W.2d 75 (1977). As stated above, the evidence that Hodge backed down supports the finding of attempted theft (an element of robbery) not renunciation by Tipton as he urges us to believe. Though it is better practice to afford such instructions, as the prosecutor is free to rebute with the evidence, to deny the instruction under the facts of this case is neither prejudicial nor error.

The next assignment of error raised by Tipton has considerably more merit than the first two discussed. The prosecutor in this case repeatedly elicited testimony regarding Hodge's, the co-indictee's, plea of guilty to second-degree robbery, cross-examined Hodge concerning the plea, and referred to the potential sentence the plea would carry. As this court made clear in *Parido v. Commonwealth,* Ky., 547 S.W.2d 125 (1977), quoting *Martin v. Commonwealth,* Ky., 477 S.W.2d 506 (1972) "It has long been the rule in this Commonwealth that it is improper to show that a co-indictee has already been convicted under the indictment." To make such a reference and to blatantly use the conviction as substantive evidence of guilt of the indictee now on trial is improper regardless of whether the guilt has been established by plea or verdict, whether the indictee does or does not testify, and whether or not his testimony implicates the defendant on trial.

It should be noted that *Parido, supra,* left open the possibility that evidence of the plea could be introduced to impeach the co-indictee. However, the Commonwealth in this case has made no such argument. Indeed, the Commonwealth did not appear concerned with Hodge's credibility because in large part he said exactly what the Commonwealth wanted to hear. It was the meaning of his testimony, the inference that both he and Tipton were guilty, that the Commonwealth attempted to bolster by reference to the guilty plea. Therefore, the admission of evidence concerning the co-indictee's guilty plea and the potential penalty was reversible error.

We do not reach or pass upon the other alleged errors presented by the appeal, as the alleged errors may not surface on retrial.

The judgment is reversed for proceedings consistent with this opinion.

All concur except CLAYTON, J., who did not sit.