Kevin Douglas **TAYLOR**, Appellant,

v.

**COMMONWEALTH of Kentucky**,
Appellee.

Supreme Court of Kentucky.

July 6, 1983.

Jack Emory Farley, Public Advocate, Linda K. West, Asst. Public Advocate, Frankfort, for appellant.

Steve L. Beshear, Atty. Gen., W. Bruce Cowden, Jr., Asst. Atty. Gen., Frankfort, for appellee.

STEPHENSON, Justice.

Kevin Douglas Taylor was convicted of first-degree robbery, KRS 515.020, then was convicted of being a persistent felony offender in the second degree, KRS 532.080. He was sentenced to an enhanced sentence of life imprisonment. We affirm.

Taylor and a codefendant robbed a food mart at gun point. The proprietor identified Taylor as the robber who pointed the pistol at him. The proprietor informed the police of the robbery, giving them a general description of the car they were in and describing the clothes worn by Taylor together with a physical description.

A patrol car received a report of the robbery, and upon seeing a car which matched the description in the report gave chase and stopped the car. The passenger fled, but was caught and was identified by the officer as Taylor. Following Taylor's arrest, he told one of the officers that the gun and money had been left in the car.

The store proprietor identified Taylor from a driver's license shown to him by a police officer, then from a photo pack identified Taylor and his codefendant. In addition he made an in-court identification. (After a hearing, the trial court denied Taylor's motion to suppress the identification.) Then the codefendant, by counsel, informed the trial court he wished to plead guilty and testify for the Commonwealth. The plea with the commonwealth attorney's recommendation for a reduced sentence was conducted outside the presence of the jury. The codefendant then testified and corroborated the testimony of the store proprietor and the police as to Taylor's participation in the robbery. Taylor did not testify or offer any witnesses.

■ Taylor asserts error in not excluding the identification by the proprietor of the store. He does not point to any error on the part of the trial court or that the finding was clearly erroneous, but argues in generalities citing authorities that are not applicable here. The identification was certain, made under circumstances which indicated reliability. We find no error here.

The second assertion of error is that the trial court committed reversible error in refusing to declare a mistrial when the codefendant entered a plea of guilty.

Taylor relies on that line of cases which hold that it is reversible error for the Commonwealth to show that a coindictee has already been convicted under the indictment. This was the holding in *Martin v. Commonwealth*, Ky., 477 S.W.2d 506 (1972), and *Webster v. Commonwealth*, 223 Ky. 369, 3 S.W.2d 754 (1928). Likewise Taylor relies upon *Parido v. Commonwealth*, Ky., 547 S.W.2d 125 (1977), and *Tipton v. Commonwealth*, Ky., 640 S.W.2d 818 (1982), which hold that it is prejudicial error for the jury to be informed of a coindictee's guilty plea. There the coindictee entered a guilty plea before trial, testified for the Commonwealth and also that he had entered a plea of guilty. In each of these cases the Commonwealth introduced this evidence. Here the guilty plea was taken outside the presence of the jury, and the only information conveyed to the jury was that brought out on cross-examination by Taylor. We are of the opinion the situation here can be distinguished from *Martin, Webster, Parido* and *Tipton* for the reason that such information about the plea as the jury heard was from Taylor. It is an ordinary occurrence for a coindictee to enter a plea before trial and testify for the Commonwealth. It is equally customary for the defense to put the coindictee's credibility in issue by cross-examination on the deal made with the Commonwealth. That is precisely the situation here. *Hudson v. North Carolina*, 363 U.S. 697, 80 S.Ct. 1314, 4 L.Ed.2d 1500 (1960), relied upon by Taylor is not applicable to the situation here. There after a codefendant entered a guilty plea before the jury during the course of the trial, Hudson and another codefendant were left without counsel. *Hudson* was reversed for the reason no cautionary admonition was given to the jury and primarily for the reason that counsel withdrew leaving Hudson and the remaining codefendant without counsel for the balance of the trial.

The evidence against Taylor was overwhelming; he did not take the stand; and we are of the opinion he was given a fair trial.

The judgment is affirmed.

All concur.