Hannah BAKER, Jr., Appellant,

v.

COMMONWEALTH of Kentucky,
Appellee.

Court of Appeals of Kentucky.

Aug. 31, 1984.

Rehearing Denied Oct. 19, 1984.

Armand I. Judah, Appellate Public Advocate, Frockt & Klingman, Louisville, for appellant.

Dave Armstrong, Atty. Gen., Joseph Johnson, Asst. Atty. Gen., Frankfort, for appellee.

Before COMBS, COOPER and REYNOLDS, JJ.

COOPER, Judge.

This is an appeal from a judgment convicting the appellant of burglary in the third degree and sentencing him to one year imprisonment. On appeal, the principal issue is whether the trial court erred, as a matter of law, in failing to follow the requirements of KRS 29A.010 et seq. with respect to the selection of jury commissioners for Perry County, and the actual jury selection itself. Reviewing the record below, we reverse and remand for a new trial.

The appellant, Hannah Baker, Jr., appeals from a conviction of burglary in the third degree and a one-year sentence of imprisonment. Such sentence was subsequently conditionally discharged. Principally, he argues that he was denied the right to a fair and impartial trial as a result of the jury selection process used by the trial court. The Commonwealth concedes that the jury selection process was improper in that insufficient names were placed in the jury wheel given the population of Perry County. Furthermore, the Commonwealth concedes that the trial court erred in allowing the names of the previous

year's jury commissioners to be placed in the jury wheel. As such, the appellant's conviction must be reversed and the action remanded to the trial court for a new trial.

■ Although the appellant argues three separate issues in this appeal—whether the trial court erred in instructing the jury on third-degree burglary; whether it erred in failing to dismiss the indictment or requiring the indictment to be amended; and whether the appellant's constitutional right to a speedy trial was violated as a result of the delay between the time of his indictment and the time of his trial—reviewing the record below, we find no error herein. Although the trial court's instruction on burglary in the third degree was not perfectly worded, it was sufficient given the fact that a building can include a dwelling under KRS 511.010(1)(a).

■ Similarly, although the appellant argues that the indictment charging him with first-degree burglary was insufficient, we fail to see how he was prejudiced. *See Finch v. Commonwealth*, Ky., 419 S.W.2d 146 (1967); *Runyon v. Commonwealth*, Ky., 393 S.W.2d 877 (1965). In any event, the appellant was convicted of third-degree burglary and not first-degree burglary. And, although the appellant argues that his constitutional right to a speedy trial was violated, we disagree. Specifically, reviewing the criteria established by the Court in *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), we find that the appellant has failed to adequately demonstrate how he was prejudiced by the resulting delay. Furthermore, the appellant has failed to demonstrate that he asserted his right to a speedy trial during the delay itself. Consequently, we find no error on the part of the trial court in refusing to dismiss the indictment against him.

The judgment of the trial court is reversed with directions that the trial court enter a new trial for the appellant.

All concur.