Terry ROBBINS, Appellant,

v.

COMMONWEALTH of
Kentucky, Appellee.

Court of Appeals of Kentucky.

Nov. 21, 1986.

Phaedra Spradlin, Lexington, for appellant.

David L. Armstrong, Atty. Gen., Cicely Jaracz Lambert, Asst. Atty. Gen., Frankfort, for appellee.

Before HAYES, C.J., HOWERTON and REYNOLDS, JJ.

HOWERTON, Judge.

Terry Robbins appeals from a judgment of the Jefferson Circuit Court which denied his motion to vacate sentence pursuant to RCr 11.42. We affirm.

Robbins was originally arrested and indicted for first-degree burglary, receiving stolen property with a value of $100 or more, and with being a persistent felony offender (PFO) in the second degree. Following a conviction pursuant to a jury verdict on the burglary and receiving stolen property charges, Robbins pled guilty to being a second-degree PFO. The appellant was subsequently sentenced to a total of 20 years in prison.

Prior to sentencing, Robbins attempted to withdraw his guilty plea to the PFO charge on the grounds that the underlying felony convictions were constitutionally invalid. Robbins alleged that he had "discovered" that his counsel had failed to advise him of his constitutional rights prior to his pleading guilty on the underlying charges. The motion to withdraw the plea was denied.

On direct appeal to the Kentucky Supreme Court, Robbins presented two issues. First, he claimed that he was denied due process of law because the trial court refused to allow him to withdraw his guilty

plea. Second, he alleged that testimony from a police officer as to Robbins' attempt to plea bargain with the officer was admitted without proof that the statements made were obtained in compliance with *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). The Supreme Court found that there was proper compliance with *Miranda,* and that as Robbins had pled guilty to the PFO charge, any collateral attack on the underlying convictions had been waived.

Robbins then brought a motion, *pro se,* to vacate sentence pursuant to RCr 11.42. In his motion, he alleged first that he received ineffective assistance of counsel by virtue of counsel's failure (1) to object to the testimony of the police officer concerning Robbins' attempt to plea bargain; (2) to move to suppress the conversation with the officer; (3) to investigate and challenge the appellant's prior felony convictions; and (4) to put on any evidence at the close of the case for the Commonwealth. Second, Robbins alleged that he was deprived of his Sixth Amendment right to a speedy trial. Finally, the appellant made a motion for an evidentiary hearing on the allegations. The trial court denied the motion for a hearing and also the motion to vacate sentence, and Robbins brought this appeal.

Robbins' appellate counsel has filed a brief pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), in which she states that she has carefully examined the record and has determined the appeal to be frivolous. Robbins' brief, *pro se,* contains no arguments which pertain to the trial court's denial of his RCr 11.42 motion below, and we do not consider it here. Where, as here, the trial court has denied a motion for an evidentiary hearing on the merits of allegations raised in a motion brought pursuant to RCr 11.42, our review is limited to whether the motion on its face states grounds that are not conclusively refuted by the record and which, if true, would invalidate the conviction. *Lewis v. Commonwealth,* Ky., 411 S.W.2d 321, 322 (1967). Where the movant's allegations are refuted by the record as a whole, no evidentiary hearing is required. *Hopewell v. Commonwealth,* Ky. App., 687 S.W.2d 153, 154 (1985).

A showing that counsel's assistance is so ineffective as to require reversal has two components: (1) that counsel made errors so serious that counsel's performance fell outside the wide range of professionally competent assistance; and (2) that the deficient performance so prejudiced the defense that, but for the errors of counsel, there is a reasonable likelihood that the result would have been different. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *Accord, Gall v. Commonwealth,* Ky., 702 S.W.2d 37, 39–40 (1986). Moreover, there is a presumption that, under the circumstances, the challenged actions of counsel might be considered sound trial strategy. *Strickland,* 104 S.Ct. at 2066. In the absence of a showing that some alternative action by counsel would have compelled a mistrial or a dismissal, therefore, ineffective assistance will rarely be shown.

Turning to the case before us, we find that counsel's performance at trial was not unreasonable. First, objection to the police officer's testimony or a motion to suppress it would have been fruitless, in light of the Supreme Court's ruling on the issue. Second, merely failing to produce witnesses in the appellant's defense is not error in the absence of any allegation that their testimony would have compelled an acquittal. The record indicates that counsel chose not to put on evidence for strategic reasons, which will not be second-guessed here. Finally, investigation of Robbins' prior felony convictions was unnecessary where his counsel below had also represented him on the prior felonies in question.

We consider, briefly, Robbins' allegation that he was denied his right to a speedy trial. As there is no indication in

the record that Robbins ever requested an expedited trial date, nor any allegation that he was prejudiced by the 12–month delay below, he has waived any right to raise the issue here. *See, Baker v. Commonwealth,* Ky.App., 677 S.W.2d 316, 316 (1984).

As the record clearly refutes the allegations in the appellant's RCr 11.42 motion, we decline to say that the trial court abused its discretion in denying the motion for a hearing, or that the court was clearly erroneous in denying the appellant's RCr 11.42 motion to vacate sentence. The judgment of the Jefferson Circuit Court is affirmed.

All concur.