Gilbert JONES, Appellant,

v.

COMMONWEALTH of
Kentucky, Appellee.

Nos. 86–CA–2666–MR, 86–CA–2760–MR.

Court of Appeals of Kentucky.

Oct. 2, 1987.

John T. Aubrey, Manchester, for appellant.

David L. Armstrong, Atty. Gen., Mark Wintersheimer, Asst. Atty. Gen., Frankfort, for appellee.

Before DYCHE, GUDGEL and WILHOIT, JJ.

GUDGEL, Judge:

This is an appeal from a judgment entered by the Clay Circuit Court after a jury returned a verdict finding appellant guilty of second-degree assault. Appellant contends that the trial court erred by failing to continue the trial of his case upon learning that a witness for the commonwealth was also a member of that month's circuit court jury panel, and by failing to instruct the

jury on the offense of assault in the fourth degree. We disagree with both of appellant's contentions. Hence, we affirm.

Appellant was indicted for first-degree assault. Trial was set for September 29, 1986, but was continued to the following day. When the list of witnesses was called on September 29, it was learned that Juanita Hibbard, the victim's aunt and a witness for the commonwealth, had been serving as a member of the circuit court jury panel for that month. Appellant filed a motion seeking to continue the trial of his case to another month. The trial court, in response to appellant's motion, removed Ms. Hibbard's name from the jury selection box and questioned her *in camera*. Ms. Hibbard admitted that she had informed other members of the jury panel that she was a witness in appellant's case, and that she informed at least one other member of the panel, Carolyn Ball, that she was related to the victim. However, she specifically denied discussing anything about the case with Ms. Ball or with any other members of the panel. The trial court denied appellant's motion for a continuance. On voir dire, the prospective jurors all indicated that they would not give Ms. Hibbard's testimony extra weight because of their association with her as members of the same jury panel, and Ball, who also denied discussing the case with Ms. Hibbard, was excused before a jury was empaneled.

The commonwealth adduced evidence that while appellant held the victim, a third person hit the victim in the head and cut his eye with a broken bottle, resulting in the loss of that eye. Further, Ms. Hibbard testified that she observed blood on appellant on the night of the assault, and that she heard him state that "they got onto his buddy and he had gotten them off." Appellant testified, by contrast, that although he and others were at the scene, he did not participate in the assault.

The jury was instructed on the offenses of assault in the first and second degree. Appellant's request for an instruction on assault in the fourth degree was denied. The jury returned a verdict finding appellant guilty of assault in the second degree, and appellant was sentenced to a prison term of five years. This appeal followed.

■ Appellant first contends that the court erred by failing to continue the trial of his case to another month once it learned that a witness for the commonwealth was also a member of that month's circuit court jury panel. We disagree.

The trial court is vested with a certain amount of discretion in determining whether a prospective juror shall be permitted to serve on a particular jury. Absent an abuse of that discretion, the court's determination will not be reversed on appeal. *Scruggs v. Commonwealth*, Ky., 566 S.W.2d 405 (1978), *cert. denied* 439 U.S. 928, 99 S.Ct. 314, 58 L.Ed.2d 321 (1978).

■ Although jurors sworn to try a case clearly must not communicate with anyone else regarding any subjects connected with that trial, RCr 9.70, members of a jury panel from which the petit jury is chosen certainly do not live in a vacuum, and they cannot be expected always to be devoid of any knowledge of any case upon which they might be selected to sit. Despite the fact that they may have acquaintance with or knowledge about participants or possible testimony in a pending case, prospective jurors can still qualify to sit on the case so long as reasonable grounds exist to believe they can render a fair and impartial verdict based solely on the evidence adduced. *See Scruggs, supra;* RCr 9.36. *Cf. Tayloe v. Commonwealth*, Ky., 335 S.W.2d 556 (1960) (prospective juror need not be disqualified merely because case involves fellow members of a labor organization or other group).

Here, there was no claim that Ms. Hibbard ever made any comments about this case or that she attempted to influence any of the members of the unsworn jury panel in any manner regarding the case. Further, the jurors impanelled to sit on the case were examined and they attested, prior to their selection as petit jurors, that they would not be unduly influenced by Ms. Hibbard's testimony. Moreover, despite appellant's arguments, we are not persuaded that the members of the jury in this case were any more likely to be influ-

enced by Ms. Hibbard than by any other acquaintances who might have been witnesses to the assault incident. Having reviewed the record and all the evidence adduced, we conclude that the trial court did not abuse its discretion by denying appellant's motion for a continuance.

Appellant also contends that the trial court erred by failing to instruct the jury on the offense of assault in the fourth degree. We disagree.

 A defendant is not entitled to an instruction on a lesser included offense unless the evidence is "such as to create a reasonable doubt as to whether the defendant is guilty of the higher or lower degree." *Tipton v. Commonwealth*, Ky., 640 S.W.2d 818, 820 (1982); *Luttrell v. Commonwealth*, Ky., 554 S.W.2d 75 (1977). Here, the jury was instructed on the offenses of assault in the first and second degree, and appellant was convicted of the latter offense. A person is guilty of second-degree assault if:

(a) He intentionally causes serious physical injury to another person; or

(b) He intentionally causes physical injury to another person by means of a deadly weapon or a dangerous instrument; or

(c) He wantonly causes serious physical injury to another person by means of a deadly weapon or a dangerous instrument.

KRS 508.020(1). A person commits fourth-degree assault, by contrast, if:

(a) He intentionally or wantonly causes physical injury to another person; or

(b) With recklessness he causes physical injury to another person by means of a deadly weapon or a dangerous instrument.

KRS 508.030(1). KRS 500.080(15) defines "serious physical injury" as "serious and prolonged disfigurement ... or prolonged loss or impairment of the function of any bodily organ."

 The loss of an eye as a result of an assault is clearly a "serious physical injury" as defined in KRS 500.080(15). · *Cf.*

*Commonwealth v. Chandler*, Ky., 722 S.W.2d 899 (1987). Thus, if appellant intentionally or wantonly assisted in causing that injury to the victim, he was guilty of second-degree assault. Since there was no evidence adduced that the injury caused by appellant could be classified as anything less than serious, or that his mental state at the time of the assault was anything other than intentional or wanton, there was no basis for the court to give an instruction on assault in the fourth degree. *Tipton, supra.* The trial court, therefore, did not err by failing to give such an instruction.

The court's judgment is affirmed.

All concur.