**Reginald Dewayne PORTER, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

**No. 91–SC–974–MR.**

Supreme Court of Kentucky.

Feb. 16, 1995.

Timothy T. Riddell, Asst. Public Advocate, Morehead, for appellant.

Chris Gorman, Atty. Gen., Michael L. Harned, Asst. Atty. Gen., Crim. Appellate Div., Frankfort, for appellee.

LAMBERT, Justice.

Appellant, Reginald Dewayne Porter, was convicted in the Jefferson Circuit Court of murder, first degree burglary and first degree robbery. He was sentenced to life imprisonment without parole for 25 years on the murder conviction and twenty years each on the burglary and robbery convictions and he appeals as a matter of right.

The only fact not disputed is that on December 7, 1989, appellant, Robert Smith, and Derrick Bowman were drinking together at a bar in Louisville. From that point forward the Commonwealth and the appellant presented different theories of what happened. The focus of this appeal is upon Smith's three separate and conflicting statements, all of which were heard by the jury.

The statements were made following Smith's arrest, during the taped proceedings of his two-day guilty plea in open court, and at appellant's trial. In his statement to the police Smith said that he alone had committed the crimes against the victim, Sanders. Later, in the same line of questioning, Smith recanted and implicated the appellant as the main instigator of the crimes. In Smith's second statement, made during his formal guilty plea proceedings, he again attempted to take sole responsibility for the crimes, but ultimately his final version was that both he and the appellant had perpetrated the crimes against Sanders. Smith's third and final statement was at appellant's trial. On direct examination, Smith testified that it was he alone who had burglarized, robbed and murdered Sanders. This was not recanted.

Following a jury trial in which all of Smith's conflicting statements were admitted, appellant was found guilty of murder, first degree burglary and first degree robbery. He was sentenced to life imprisonment without the possibility of parole for twenty-five years for the murder conviction and twenty years each on the robbery and burglary convictions.

On appeal, appellant claims that the court improperly admitted Smith's initial statement to the police. The Commonwealth argues that the statement was properly admitted as a prior inconsistent statement offered to impeach both the credibility of the witness and for its substance.

KRE 613 permits the use of prior inconsistent statements to impeach a witness provided a proper foundation is laid and provided the statement is inconsistent. The sufficiency of the foundation is not questioned here. As to inconsistency, the Commonwealth argues that Smith's testimony at trial was entirely inconsistent with his statement to the police and, therefore, the latter was properly admitted both for impeachment and for its

substance. The appellant, however, argues that Smith did not deny making the earlier statement and acknowledged the truth of and the reasoning behind his having made his first statement to the police.

In *Commonwealth v. Jackson*, Ky., 281 S.W.2d 891, 896 (1955), the Court held that the required inconsistency exists when "the proffered statement and the witness' testimony lead to inconsistent conclusions," and that any doubtful issue of admissibility should be resolved in favor of admission over exclusion of the prior statements. *Id.* at 896–7. Moreover, KRE 801A, in pertinent part, provides:

> A statement is not excluded by the hearsay rule, even though the declarant is available as a witness, if the declarant testifies at the trial or hearing and is examined concerning the statement, with a foundation laid as required by KRE § 613, and the statement is: (1) Inconsistent with the declarant's testimony; ...

In his first statement, Smith said that he had gone to Sanders' apartment alone. The police responded that he was lying because they knew that the appellant was with him. Smith then, upon the mistaken belief that it was the appellant who had turned him in to the police, stated that it was the appellant who had decided to commit the crimes against Sanders. Smith admitted that he was the one who actually pulled the trigger, but said that it was the appellant who ordered him to shoot Sanders and who had initially suggested they go to Sanders' apartment. Finally, in this initial statement to the police, Smith settled on the version of the facts which implicated the appellant.

Smith's second statement was made in conjunction with his guilty plea. In this two-day video taped proceeding, Smith recanted his first statement made to the police upon being arrested and claimed that he had acted alone in the burglary, robbery and murder of Sanders. Upon inquiry about the earlier statement made upon arrest, Smith responded that it was untrue and that he had entered Sanders' apartment alone and that the appellant had waited outside. However, on the second day of the guilty plea proceedings, Smith switched stories again, and settled with the version that his first statement to the police implicating the appellant was true.[1]

Smith's third statement was at appellant's trial when he was called to testify against the appellant. Smith attempted to invoke his fifth amendment right against self-incrimination. However, the court ruled that he had no Fifth Amendment protection and compelled him to testify. On the stand, Smith once again testified that he had acted alone in the commission of the crimes against Sanders. Based on this testimony, the Commonwealth requested to play the taped recording of Smith's initial statement made to the police upon his arrest. Herein lies the issue on appeal.

■ It is well-settled that prior inconsistent statements by a witness may be received as substantive evidence. *Jett v. Commonwealth*, Ky., 436 S.W.2d 788 (1969); CR 43.07; RCr 13.04. As stated by the Court:

> When both the person who is said to have made the out-of-court statement and the person who says he made it appear as witnesses under oath and subject to cross-examination there is simply no justification for not permitting the jury to hear, as substantive evidence, all they have to say on the subject and to determine wherein lies the truth.

*Jett*, 436 S.W.2d at 792. *Accord Askew v. Commonwealth*, Ky., 768 S.W.2d 51 (1989); *Nugent v. Commonwealth*, Ky., 639 S.W.2d 761 (1982).

■ The record is clear that both Smith and the police officer to whom the initial statement was made testified at trial and that appellant was afforded the opportunity to cross-examine both. The foundation, though not questioned, was proper in that Smith did testify to having made the statement and the officer testified as to having taken it. The statements are explicitly in-

---

**1.** At the Appellant's trial, Smith testified that his attorney had advised him that if he did not maintain that the Appellant was involved, his plea agreement would not be accepted and that as a result he could then be sentenced to death instead of life without parole for twenty (25) years.

consistent and clearly material and relevant to the issue of appellant's involvement in the crimes. In addition to Smith's testimony, other evidence was presented at trial linking appellant to the charged crime. Appellant told Clifford Alexander, who then related this story as a witness at trial, that appellant and Smith broke into the apartment of an "old black man" by kicking in the door. Appellant further related that Smith had a gun and that he heard a gunshot while in another room. Upon entering the room appellant saw the victim lying on the floor having suffered a gunshot wound. Appellant's relation of this story to the witness corroborated the circumstances surrounding the burglary and the murder, as well as the testimony of Smith. There was no error. *See Muse v. Commonwealth,* Ky.App., 779 S.W.2d 229 (1989); *Wise v. Commonwealth,* Ky.App., 600 S.W.2d 470 (1978).

■ The appellant's final contention is that he was denied a fair trial as the result of the improper introduction of the entirety of Smith's guilty plea. The Commonwealth contends that it, too, was properly admitted as a prior inconsistent statement. As with Smith's first statement to the police, this evidence, a video tape of the guilty plea proceedings, was also properly admitted as a prior inconsistent statement. *See Nugent v. Commonwealth,* Ky., 639 S.W.2d 761 (1982); *Jett v. Commonwealth,* Ky., 436 S.W.2d 788 (1969).

KRE 410 addresses the inadmissibility of guilty pleas in general and does not preclude the admission of guilty pleas which have not been withdrawn. However, to be admissible in any subsequent proceeding, the guilty plea would have to be relevant and satisfy a hearsay exception. *See* Lawson, *The Kentucky Evidence Law Handbook,* § 2.60 (3d. Ed.1993). A guilty plea is admissible pursuant to KRE 613, which permits impeachment of a witness by his prior inconsistent statements provided those statements are inconsistent with testimony given by the pleader in an earlier proceeding. *Tipton v. Commonwealth,* Ky., 640 S.W.2d 818 (1982).

For the foregoing reasons, the judgment of conviction is affirmed.

STEPHENS, C.J., REYNOLDS, SPAIN, STUMBO and WINTERSHEIMER, JJ., and PAUL K. MURPHY, Special Justice, concur.

STUMBO, J., files a separate concurring opinion in which PAUL K. MURPHY, Special Justice, joins.

STUMBO, Justice, concurring.

I fully concur with the opinion authored by Justice Lambert, but take this opportunity to set forth what this case is *not* about. We are not deciding whether completely uncorroborated *Jett* material is sufficient evidence to support a conviction. Here, as Justice Lambert sets forth, there is corroborating evidence in the form of both Appellant's own testimony and the testimony of another witness. Thus, this case did not provide a vehicle with which to revisit *Caldwell v. Commonwealth,* Ky., 550 S.W.2d 533 (1977).

PAUL K. MURPHY, Special Justice, joins in this concurring opinion.