**COMMONWEALTH of Kentucky,
Appellant,**

v.

**Lloyd Douglas GAINES, Appellee.**

**No. 98–SC–0955–DG.**

Supreme Court of Kentucky.

March 23, 2000.

A.B. Chandler III, Attorney General, William L. Daniel II, Assistant Attorney General, Office of Attorney General, Criminal Appellate Division, Frankfort, Counsel for Appellant.

Dennis Olgin, Scott C. Byrd, Louisville, Counsel for Appellee.

GRAVES, Justice.

Lloyd Douglas Gaines, was convicted in the Franklin Circuit Court on one count of first-degree assault and four counts of first-degree wanton endangerment. He was sentenced to a total of eleven years imprisonment. On appeal, the Court of Appeals reversed the convictions and remanded the matter for a new trial. This Court granted discretionary review on the motion of the Commonwealth. After hearing oral arguments and reviewing the record, we reverse the decision of the Court of Appeals and reinstate the judgment and sentence of the Franklin Circuit Court.

On March 9, 1993, Gaines and his son, Woody, were involved in a heated dispute with another son, Francis. That evening, Gaines was a passenger in Woody's truck when Woody attempted to run Francis' vehicle off the road. Woody then followed Francis home where the two continued the altercation. Believing that Woody was reaching inside his truck for a weapon, Francis slammed the truck door against him. Thereupon Gaines retrieved a gun from the truck, pushed Woody aside and, shouting, "I'll kill you, you little bastard," fired three shots wounding Francis in the neck and thigh. One bullet also hit the front of the house where Francis' neighbors were standing.

In addition to indicting Gaines on first-degree assault and wanton endangerment charges, the grand jury also indicted Woody on two counts of first-degree wanton endangerment for attempting to run Francis and his passenger off of the road. On the day of their joint trial, after voir dire had been conducted and peremptory strikes had been exercised, Woody entered an *Alford* [1] plea outside the presence of the jury. Pursuant to the plea agreement, Woody pled guilty to two counts of second-degree wanton endangerment and agreed to testify truthfully against Gaines.

---

1. *North Carolina v. Alford,* 400 U.S. 25, 91    S.Ct. 160, 27 L.Ed.2d 162 (1970).

Gaines thereafter moved for a mistrial or new jury. The trial court denied the motion but admonished the jury as follows:

> The case of Commonwealth v. Woody T. Gaines has been disposed of ... that part of the case ... is no longer of any concern to you ... you should not speculate as to the reasons for this case being disposed of. This disposition should not control or influence your verdict with reference to the remaining defendant, Lloyd Douglas Gaines. You must base your verdict as to [Appellee] solely on the evidence against him.

The trial continued and Woody testified against Gaines in accordance with the plea agreement. On cross-examination, defense counsel questioned Woody about his guilty plea and the conditions thereof in an attempt to impeach his credibility. The jury ultimately found Gaines guilty on all charges and recommended a sentence of eleven years imprisonment.

In reversing Gaines' conviction, the Court of Appeals concluded that he had been prejudiced by Woody's guilty plea:

> By allowing the jurors to view Woody's "cave-in," they were led to believe that because the Commonwealth was right about Woody's guilt, it must, therefore, be right about [Appellee's] guilt. This put [Appellee] at an unfair disadvantage before the trial even started. Hence, it is our opinion that [Appellee] was denied a fair trial.

We do not accept the Court of Appeals' interpretation of the facts and reject its decision as being contrary to controlling law.

In *Askew v. Commonwealth*, Ky., 768 S.W.2d 51 (1989), the prosecutor dismissed an indictment against a co-defendant in the presence of the jury, stating that he did not have enough evidence on which to convict the co-defendant. Askew thereafter moved for a mistrial arguing that the dismissal created the inference that he must be guilty since the charges against him were not dismissed as well. The trial

court denied the motion but admonished the jury that the dismissal was not to control or influence its verdict against Askew. On appeal, this Court held that the trial court's admonition cured any prejudice stemming from the dismissal of the case against the co-defendant. *Id.* at 54. Central to our decision was the fact that the record was void of any evidence that the Commonwealth attempted to improperly use the dismissal. "At no time did the Commonwealth's attorney indicate that Franklin was not guilty nor did he attempt to curry favor with the jury by portraying his fairness." *Id.* at 53.

In support of his claim of error, Gaines relies on this Court's decisions in *Tipton v. Commonwealth*, Ky., 640 S.W.2d 818 (1982), and *Parido v. Commonwealth*, Ky., 547 S.W.2d 125 (1977), which held that a defendant is prejudiced at trial when the Commonwealth elicits evidence that a co-defendant has entered a guilty plea to the same charges. However, in *Tipton*, the reversal was based on the blatant attempt by the Commonwealth to use the guilty plea of a co-defendant as substantive evidence against the defendant on trial.

> To make such a reference and to blatantly use the conviction as substantive evidence of guilt of the indictee now on trial is improper regardless of whether the guilt has been established by plea or verdict, whether the indictee does or does not testify, and whether or not his testimony implicates the defendant on trial.

*Tipton, supra,* at 820.

Here, contrary to the Court of Appeals' assertion, Woody entered his plea outside the presence of the jury, and the trial court admonished the jury in a manner similar to the trial court in *Askew, supra.* The jury did not acquire any knowledge of Woody's plea until the defense raised the issue while cross-examining Woody for the purpose of demonstrating his incentive to testify. The door having been clearly opened to the subject, the Commonwealth

accordingly addressed the issue on re-direct examination.

We are of the opinion that there was no abuse of discretion by the trial court in denying Gaines' motion for a mistrial. The prejudice, if any, resulting from Woody's plea was not attributable in any manner to the Commonwealth, and was cured by the trial court's admonition. As such, the Court of Appeals erred in reversing the decision of the trial court.

The decision of the Court of Appeals is reversed and the judgment and sentence of the Franklin Circuit Court are hereby reinstated.

LAMBERT, C.J., COOPER, GRAVES, KELLER, JOHNSTONE, and WINTERSHEIMER, J.J., concur.

STUMBO, J., dissents without opinion.