Roger Scott NORTON, Appellant,

v.

COMMONWEALTH OF KENTUCKY, Appellee.

No. 2000–SC–0462–DG.

Supreme Court of Kentucky.

Oct. 25, 2001.

As Modified Jan. 17, 2002.

Karen Shuff Maurer, Assistant Public Advocate, Department of Public Advocacy, Frankfort, Counsel for Appellant.

Albert B. Chandler III, Attorney General of Kentucky, Gregory C. Fuchs, Assistant Attorney General, Criminal Appellate Division, Office of the Attorney General, Frankfort, Counsel for Appellee.

LAMBERT, Chief Justice.

Pursuant to CR 76.20, this Court granted discretionary review to consider whether Appellant, Roger Scott Norton, was entitled to an evidentiary hearing on his RCr 11.42 motion to vacate his conviction. Appellant contends that such a hearing is warranted because the only defense presented by his trial counsel was voluntary intoxication, yet his trial counsel failed to call any witnesses in support thereof and failed to argue in support of the tendered intoxication instruction. The instruction was not given to the jury despite the fact that Appellant was charged with alcohol intoxication, and despite testimony from prosecution witnesses indicating that Appellant was intoxicated upon arrest.

In the early morning hours of July 13, 1996, Appellant was arrested outside Regina's II, a bar in Paducah. He was indicted on the offenses of Alcohol Intoxication, Giving a Police Officer a False Name, Resisting Arrest, two counts of Fourth Degree Assault, Third Degree Criminal Mischief, First Degree Promoting Contraband, and of Being a First Degree Persistent Felony Offender. Appellant's defense at trial was that he was too intoxicated to know what he was doing.[1] Appellant's trial counsel argued both in her opening statement and her closing argument that Appellant was "very drunk" and "too drunk to know what he was doing." Moreover, the two arresting police officers, Officers Long and Baker, testified at trial that Appellant obviously had been drinking or that he was intoxicated. Officer Baker, however, specifically stated his personal opinion that Appellant "wasn't intoxicated to the point that he wasn't aware of what was going on." Despite intoxication being Appellant's only defense, his trial counsel failed to request that the tendered intoxication instruction be given and failed to call three witnesses who would have verified his intoxication. The instruction was not given to the jury.

Appellant was found guilty on all counts except Alcohol Intoxication, of which he was acquitted. After the sentencing phase, Appellant was convicted of being a First Degree Persistent Felony Offender and sentenced to twenty years in prison. Appellant's direct appeal was affirmed on September 25, 1997.

On August 14, 1998, Appellant filed a "Motion to Vacate, Set Aside or Correct Sentence Pursuant to RCr 11.42," stating multiple reasons therein as to why his trial counsel was ineffective and requesting an evidentiary hearing on the matter. One of the stated reasons, and the reason at issue herein, was that his trial counsel failed to call certain witnesses who allegedly would have given exculpatory testimony, i.e., that Appellant was intoxicated at the time of the offenses. The trial court denied the motion without holding an evidentiary hearing.

The Court of Appeals affirmed, holding that the trial court did not abuse its discretion in denying Appellant's request for an

---

1.   KRS 501.080(1); *Jewell v. Commonwealth,* Ky., 549 S.W.2d 807 (1977)(a defendant is entitled to an instruction on the defense of intoxication where there is evidence showing that he was so intoxicated that there can be a doubt that he knew what he was doing); *Parido v. Commonwealth,* Ky., 547 S.W.2d 125 (1977).

evidentiary hearing and in overruling the RCr 11.42 motion. In reaching this conclusion, the Court of Appeals reasoned that although Appellant had shown that the potential witnesses' testimony would have assisted his defense, he had failed to show that the testimony would have compelled an acquittal, as *Robbins v. Commonwealth*[2] articulates the requirement for a successful ineffective assistance of counsel claim under these circumstances.

■ Appellant now claims that the Court of Appeals erred by relying on *Robbins*. Appellant contends that the standard for ineffective assistance of counsel claims set out in *Robbins* is different and higher than that promulgated by the United States Supreme Court in *Strickland v. Washington*[3] and adopted by this Court in *Gall v. Commonwealth*.[4] The *Strickland* standard requires that a movant show that counsel's performance was deficient and that the deficient performance prejudiced the defense.[5] The movant must also demonstrate that, absent the errors by trial counsel, there is a *"reasonable probability"* that the jury would have reached a different result.[6] In contrast, *Robbins* states that "merely failing to produce witnesses in the appellant's defense is not error in the absence of any allegation that their testimony would have *compelled an acquittal*."[7]

Appellant is correct in his claim that the standard used in *Robbins* is different and higher than the *Strickland* standard. Whereas the *Strickland* standard requires a "reasonable probability" of a different result, *Robbins* requires that the allegedly

deficient performance by trial counsel *compel acquittal*. The *Strickland* standard relies on probabilities, while the *Robbins* standard requires certainty. In other words, it would be far easier to prove a reasonable probability of a different result than to prove that acquittal would have been the only option.

We do not believe, however, that the *Robbins* Court intended to announce a new, more stringent standard for ineffective assistance of counsel claims for the following reason. *Robbins* announced its adherence to *Strickland* just prior to the statement at issue. Thus, it appears that the language regarding the necessity of a compelled acquittal was merely an attempt to rephrase the *Strickland* standard, not to revise it. Nonetheless, we are compelled to overrule *Robbins* to the extent that it conflicts with *Strickland*, albeit inadvertently.

■ Having determined that the standard applied by the Court of Appeals was not consistent with controlling law, we must now turn to the merits of Appellant's claim. The essence of his claim is in the nature of a paradox: although he was indicted and tried for the crime of alcohol intoxication, the jury was not instructed on the defense of voluntary intoxication as it pertained to other charges—allegedly due to trial counsel's failure to develop supporting testimony and to argue for such an instruction. We wonder why the Commonwealth's evidence of alcohol intoxication did not suffice to authorize the intoxication instruction. Appellant contends,

2. Ky.App., 719 S.W.2d 742, 743 (1986).

3. 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

4. Ky., 702 S.W.2d 37 (1985).

5. *Bowling v. Commonwealth*, Ky., 981 S.W.2d 545, 551 (1998)(*citing Strickland*, 466 U.S. at 687, 104 S.Ct. 2052).

6. *Bowling* at 551 (emphasis added) *citing Strickland* at 694, 104 S.Ct. 2052).

7. 719 S.W.2d at 743.

however, and the record reveals, that there were three witnesses who had been with Appellant before and during the time of his arrest who had informed Appellant's trial counsel well before trial that they were willing to testify to Appellant's extreme intoxication. Given these circumstances, there are material issues of fact that cannot be determined on the face of the record,[8] and an evidentiary hearing on the motion is warranted.

For the foregoing reasons, the opinion of the Court of Appeals is reversed, and this cause is remanded to the McCracken Circuit Court for an evidentiary hearing on Appellant's RCr 11.42 motion.

COOPER, JOHNSTONE, KELLER, and STUMBO, JJ., concur.

GRAVES, J., dissents by separate opinion in which WINTERSHEIMER, J., joins.

GRAVES, Justice, dissenting.

Respectfully, I dissent.

It was not error for the trial court to summarily deny Appellant's claim that counsel was ineffective for not calling his two sisters and Carl Smith to testify to Appellant's intoxication as the Commonwealth at trial did not dispute Appellant had been drinking in excess that evening. In fact, Appellant was charged with alcohol intoxication and in light of the other evidence introduced at trial it is unlikely that the additional testimony would have made any difference. For example, Appellant noted in his memorandum on his RCr 11.42 motion (while arguing that counsel was ineffective for failing to request an intoxication defense instruction) that:

> "[t]here was ample evidence of [appellant's] intoxication offered by witnesses for the prosecution.[sic] Officer Carl

Baker testified and stated, "Yes, we could smell alcohol beverages about his person."

Officer Renee Long was asked by the prosecution, during the course of giving testimony, "Officer Long, was Roger Scott Norton intoxicated that evening or that (sic) early morning hours?" Officer Long answered in the affirmative and stated, "Yes, he was."

Counsel's alleged failure to subpoena the three other witnesses then could not have prejudiced Appellant and Appellant then was not thereby rendered ineffective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The latter is especially true as only one of the three witnesses had any contact with Appellant around the same time as the police who likewise testified to his intoxication. The latter is also true as the limited degree of intoxication was otherwise noted by the police officers and while the witnesses may have had a differing opinion their testimony was not sufficient to compel a reasonable doubt as to Appellant's guilt.

Appellant's other allegations were also inconsistent with one another and are refuted by the record. Appellant argued that he was entitled to an intoxication defense instruction and none was requested. But trial counsel did tender an instruction to the trial court which should have preserved the issue for further review. See RCr 9.54(2). Appellant, however, was acquitted on the simple intoxication charge which made a claim of denial of an intoxication defense a contradictory appellate argument.

Furthermore, Appellant argued that he was generally just too drunk to have known what was happening that evening and that counsel should have put on that

8.  *See* RCr 11.42.

other proof to support his intoxication defense. In his verified supplement to his motion he states that he simply possessed the marijuana for his own personal use and did not take it into the jail with intent to promote it or with knowledge that it was dangerous contraband. By Appellant's own admission his degree of intoxication was not to the level to impair his knowledge of possession of marijuana or that he took it into the jail knowingly. The evidence is sufficient to convict him of first degree promoting contraband under the instructions. An instruction on intoxication therefore was not warranted and Appellant was not otherwise prejudiced by any alleged failing of counsel and is not now entitled to the extraordinary relief requested.

The questions raised by Appellant are easily resolved by reference to the trial court record. An evidentiary hearing is not necessary when the allegations are capable of being resolved by review of the record. Here, defense counsel was fully aware of the intoxication defense and attempted to elicit the necessary proof from the Commonwealth's witnesses whom Appellant states in making his motion provided ample evidence of intoxication. Counsel then could hardly be called ineffective.

WINTERSHEIMER, J., joins this dissent.