# IMPORTANT NOTICE
## NOT TO BE PUBLISHED OPINION

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED." PURSUANT TO THE RULES OF CIVIL PROCEDURE PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C), THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE CITED OR USED AS BINDING PRECEDENT IN ANY OTHER CASE IN ANY COURT OF THIS STATE; HOWEVER, UNPUBLISHED KENTUCKY APPELLATE DECISIONS, RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE BEFORE THE COURT. OPINIONS CITED FOR CONSIDERATION BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED DECISION IN THE FILED DOCUMENT AND A COPY OF THE ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE DOCUMENT TO THE COURT AND ALL PARTIES TO THE ACTION.

RENDERED: DECEMBER 17, 2020
NOT TO BE PUBLISHED

# Supreme Court of Kentucky

2019-SC-0350-MR

BRANDON KRAATZ                                   APPELLANT

ON APPEAL FROM JEFFERSON CIRCUIT COURT
V.              HONORABLE ANGELA MCCORMICK BISIG, JUDGE
NO. 16-CR-002809

COMMONWEALTH OF KENTUCKY                 APPELLEE

**MEMORANDUM OPINION OF THE COURT**

**<u>AFFIRMING</u>**

The circuit court jury convicted Brandon Kraatz of murder and fixed punishment at imprisonment for 25 years, and the trial court entered judgment accordingly. Kraatz appeals from the judgment as a matter of right,[1] seeking reversal upon palpable-error review of a single issue arising at trial and unpreserved without contemporaneous objection: the Commonwealth introduced improper impeachment evidence of a key defense witness's prior inconsistent statements. Finding to the contrary that the witness's prior statements qualified as admissible inconsistent statements, we reject Kraatz's claim of error and affirm the judgment.

---

[1] Ky. Const. § 110(2)(b).

1

## I. BACKGROUND

The jury convicted Kraatz of shooting and killing David House in a convenience store parking lot. Kraatz asserted he was was acting in self-defense. At trial, the defense called Kraatz's girlfriend, Emily Grissett, to testify as an eyewitness to the shooting. Grissett testified she and Kraatz arrived at the convenience store. David House was in the car parked next to theirs. According to Grissett, House was fidgeting and talking to himself erratically. She said Kraatz commented that House appeared to be "high" and warned her to lock the doors while he was inside the store. She further testified Kraatz exited their vehicle and went into the store. As he exited the store, House inquired of him, "Are you Levi?," and the two began talking. Grissett then testified she saw House grab something and Kraatz shot him.

Grissett was interviewed after the shooting by Detective Speaks, and the Commonwealth cross-examined Grissett concerning the statements she made during that interview while cross-examining her. The relevant portions of the cross-examination follow:

> Commonwealth: How much did you and [Kraatz] talk about what happened?
> Grissett: Not much at all.
> Commonwealth: You told Detective Speaks that when [Kraatz] took his hand out of his pocket you heard House say, "Oh you want to do something like that?'"
> Grissett: No, he said, "Is that for me?" and he said, "No well I got something for you." And that's when Mr. House had reached over to grab something.
> Commonwealth: "Is that for me?" What was that last part?
> Grissett: He said, "Is that for me?" That is what Mr. House said and [Kraatz] says, "No." Then he had asked, "Well I have something for you."
> Commonwealth: You never told that statement to Detective Speaks.
> Grissett: No, I did.
> Commonwealth: You did.
> Grissett: I did.

2

Later in the trial, the Commonwealth called Detective Speaks to testify in rebuttal to impeach Grissett's trial testimony with statements from her initial interview. Detective Speaks testified that during the interview Grissett stated when House saw the gun, he said, "Oh, you want to do something like that?"

Although Kraatz made no contemporaneous objection to this testimony at trial, he argues in this appeal that Grissett's statements are not inconsistent and, therefore, were improperly admitted for the implication that Grissett was lying. Kraatz argues this is palpable error mandating reversal of the judgment. The Commonwealth argues these statements are inconsistent because they lead to different conclusions and were properly used as impeachment evidence of Grissett's testimony on direct. For reasons explained below, we find no error occurred because the statements were inconsistent and properly used as impeachment evidence.

## II. ANALYSIS

### A. Standard of Review.

Unpreserved trial errors are reviewable for palpable error.[2] Under such review, this Court will reverse the judgment only if the error resulted in a manifest injustice. To rise to the level of manifest injustice, the error must have likely affected the outcome of the proceeding or fundamentally tainted the defendant's right to due process of law.

The Commonwealth urges us to avoid review altogether because the claimed error could not have affected the defendant's constitutional rights. Indeed, Kraatz has not identified a constitutional violation in any specific way,

---

[2] *Martin v. Commonwealth*, 207 S.W.3d 1, 3 (Ky. 2006).

and the Commonwealth argues that defendants must cite the violation of a specific substantial right as a prerequisite to palpable-error review.  Our criminal rules and case law establish that the defendant must show us a "probability of a different result or [an] error so fundamental as to threaten a defendant's entitlement to due process of law."[3]  And with that standard in mind, we proceed to review this case for palpable error.

### B. The trial court did not err when it admitted evidence of Grissett's prior statements to the detective.

No error occurred in the Commonwealth's introduction of Grissett's previous statement.  A trial witness's credibility may be impeached through a prior inconsistent statement.[4]  Under Kentucky Rule of Evidence (KRE) 801A(a)(1), a prior inconsistent statement may be admitted against a declarant so long as a foundation is laid, and the statement is inconsistent with the declarant's testimony.  Statements that may be considered inconsistent with one another include any statements previously made by the declarant and those made during the declarant's testimony.[5]

This Court has found that statements are inconsistent and admissible when the proffered statement and the witness's testimony lead to different conclusions based on incompatible beliefs.[6]  Overall, statements are inconsistent when the conclusions reached by each could not be true at the

---

[3] Kentucky Rule of Criminal Procedure (RCr) 10.26; *Allen v. Commonwealth*, 286 S.W.3d 221, 226 (Ky. 2009) (quoting *Martin*, 207 S.W.3d at 3).

[4] *Mounce v. Commonwealth*, 795 S.W.2d 375, 378 (Ky. 1990); KRE 801A(a)(1).

[5] KRE 801A(a)(1).

[6] *Porter v. Commonwealth*, 892 S.W.2d 594, 596 (Ky. 1995) (quoting *Commonwealth v. Jackson*, 281 S.W.2d 891, 896 (Ky. 1955)).

4

same time.[7]  As a general rule, any doubt as to admissibility of the prior statement should be resolved in favor of admission over exclusion.[8]

Here, Grissett's statements lead to different conclusions and were properly admitted as inconsistent statements.  Grissett's trial statement was that House told Kraatz he "had something" for him.  This may imply a threat by House to Kraatz.  In contrast, Grissett's prior statement to Detective Speaks omitted this portion of the conversation and may imply there was no need for Kraatz to act in self-defense.

Grissett's testimony that House made an extra statement to Kraatz was an expression at least arguably incompatible with her earlier statements to Detective Speaks, which did not suggest that House threatened Kraatz.  Grissett's trial testimony that House uttered the additional statement is certainly incompatible with her initial interview statement that Kraatz showed a weapon to House and House replied, "Oh, you want to do something like that?"  These statements are inconsistent and were properly allowed into evidence to impeach Grissett's trial testimony.

### III.     CONCLUSION

We find no merit in Kraatz's claim of error and affirm the judgment.

All sitting.  All concur.

---

[7] *Commonwealth v. Jackson,* 281 S.W.2d 891, 896 (Ky. 1955); L. Abramson, 9 Ky. Prac. Crim. Crim. Prac. & Proc. SECTION 27:190 (2011–2012).

[8] *Porter*, at 596.

COUNSEL FOR APPELLANT:

Adam Meyer
Department of Public Advocacy

COUNSEL FOR APPELLEE:

Daniel Jay Cameron
Attorney General of Kentucky

Perry Thomas Ryan
Assistant Attorney General